DETERMINED IN THE

# SUPREME COURT

OF THE

# STATE OF NEVADA,

## OCTOBER TERM, 1871.

---

## ROBERT M. CLARKE *et al.*, RESPONDENTS, *v.* LYON COUNTY, APPELLANT.

EMPLOYMENT OF EXTRA COUNSEL FOR COUNTY BUSINESS BY DISTRICT ATTORNEY. In a suit by attorneys against a county, for services rendered such county, on an alleged employment made by the district attorney—the claim being based upon an alleged ratification by the county commissioners of the contract of employment—defendant asked an instruction, that, if plaintiffs presented their claim for $5,000 to the commissioners, and they approved it for $400 only of such claim, such approval of part did not in itself alone constitute a ratification of any agreement or contract made by the district attorney; and such instruction was refused: *Held*, error.

No RATIFICATION OF UNAUTHORIZED CONTRACT BY PARTIAL ALLOWANCE. Where attorneys presented a claim for $5,000, for services rendered a county, to the county commissioners, who allowed it only to the extent of $400; and there was no pretense of any direct contract with such commissioners, and no proof that they knew the claim was made upon an alleged contract of employment for the county by the district attorney, and no proof of any contract with the district attorney: *Held*, that such partial allowance would not constitute a ratification of any such contract.

No RATIFICATION OF CONTRACT WITHOUT KNOWLEDGE OF IT. No act will amount to a ratification of an unauthorized contract, unless the person charged with

the ratification is cognizant of all the material features of it; and especially must he have a knowledge of the existence or execution of the contract itself.

RATIFICATION EQUIVALENT TO EXECUTION OF CONTRACT. As ratification is after all but the execution of a contract on the part of the person ratifying, such ratification, to be effective, must be done understandingly.

BURDEN OF PROOF ON PLAINTIFF RELYING ON RATIFICATION. Where a plaintiff relies for a recovery upon ratification by defendant of an unauthorized contract, it is incumbent upon him to prove that defendant knew of the contract, and not upon defendant to establish the negative.

PLEA OF TENDER OF SMALLER SUM NOT AN ADMISSION. Where, in an action by attorneys against a county, to recover $5,000 for services performed for it under an unauthorized contract made by the district attorney, defendant denied any employment, and also pleaded that the services were worth only $400, which it tendered and brought into court: *Held*, that, though under the old common law practice, such plea of tender might have carried with it an implied admission of the employment, it was not so under the practice act, which allows a defendant to plead as many defenses as he may have, and provides that all the allegations of a pleading shall be liberally construed, with a view to substantial justice.

PLEADING—GENERAL DENIAL AND TENDER OF SMALLER SUM. There is no such absolute repugnance between a denial of an alleged employment and an offer to pay a smaller sum than that claimed, as to prevent them both being pleaded in the same answer.

TENDER OF SMALLER SUM NOT AN ADMISSION OF INDEBTEDNESS. A tender of a smaller sum than that claimed is not a necessary admission that any sum is legally due.

PRACTICE ON APPEAL—POINT NOT MADE BELOW. Where, in a suit on an unauthorized contract for services at a certain sum, claimed to have been subsequently ratified, defendant, in addition to a general denial, pleaded that the services were only worth a much smaller sum, which he tendered; and on the trial there was no claim that such plea of tender was any admission of the contract: *Held*, that such point could not be made for the first time in the Supreme Court, for the reason that there was there no opportunity to amend, which defendant would have had if the point had been made below.

ADMISSIONS BY IMPLICATION—AMENDMENTS. If advantage is to be claimed or reliance placed upon an admission in a pleading which results solely from construction or implication, and where, as a consequence, the pleader may be misled to his injury, it must be done before the opportunity for amendment has passed.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The plaintiffs, Robert M. Clarke and Thomas Wells, composed the law firm of Clarke & Wells. The verdict and judgment in

their favor was for $4,500. The material facts are fully set forth in the opinion.

*Mitchell & Stone,* for Appellants.

I. The refusal to give the instruction asked by defendant was error. The testimony showed that no contract was made by the defendant with plaintiffs for the performance of the services mentioned in the complaint; and the evidence did not show any ratification by the commissioners of the pretended employment of plaintiffs by the district attorney. *Lyon* v. *Jerome,* 26 Wend. 494; *Treichler* v. *Berks County,* 2 Grant's Cases, 445; *The Board of Commissioners of Huntington County* v. *Boyle,* 9 Indiana, 297; *Yellow Jacket Silver Mining Co.* v. *Stevenson,* 5 Nev. 229.

II. The plea of tender in defendant's answer does not preclude it from relying upon the defense that no contract was made with plaintiff. Practice Act, Sec. 49; *Klink* v. *Cohen,* 13 Cal. 625; *Uridias* v. *Morrill,* 25 Cal. 36.

*A. C. Ellis,* for Respondent.

I. A county may ratify a contract of an unauthorized agent made in its behalf, the contract being one which the county could make in the first instance. *People* v. *Smith,* 31 Cal. 26; 4 Nev. 20; 5 Nev. 224; 26 Wend. 225. The action of the commissioners in permitting the plaintiffs to appear and defend for the county, in accepting the fruits of the suit, and in allowing in part the demand, amounted to a ratification of the district attorney's employment of plaintiffs. Story on Agency, Sec. 252 et seq.; 1 Parsons' Contracts, 47; 2 Parsons' Contracts, 118; Story on Contracts, Sec. 72. The ratification of a contract in part ratifies the whole. Story's Agency, Sec. 250.

II. The defendant's answer of tender, and the bringing into court of the sum allowed, cuts off all the defense except as to the value of the services, and estops the defendant from denying the employment. 2 Parsons' Contracts, 150, note; 5 Pick. 285; 7 John. 315; 6 Pick. 340; 2 Wend. 431; 1 Tidd's Practice, 625.

III. If the record discloses a ratification of the employment or

evidence tending to prove such ratification, (for this court cannot weigh the testimony) there is left no question except the power of the commissioners to employ counsel, and the value of the services rendered.

By the Court, LEWIS, C. J.:

This action was brought by the plaintiffs to recover the sum of five thousand dollars for legal services claimed to have been rendered for the defendant under these circumstances : A suit being instituted in this court against the county to enforce the issuance of its bonds to the Virginia and Truckee Railroad Company, to the extent of twenty-five thousand dollars, the district attorney of the county engaged the plaintiffs to assist him in the defense, which they accordingly did. Subsequently, a claim was presented to the county commissioners for the sum of five thousand dollars for the services so rendered, but they allowed four hundred dollars only, and directed that amount to be paid. The plaintiffs declined the sum so allowed, and brought this action. It does not seem to have been claimed on the trial that the commissioners directly employed or retained plaintiffs ; but it was attempted to be proven that they subsequently ratified the action of their district attorney in that respect ; and upon this the complainants appear to have rested their case. The proof on their behalf was briefly the employment by the district attorney, the character of services rendered, their value, the presentation of the claim to the board of commissioners, and their action thereon, which consisted simply of a resolution directing the payment to the plaintiffs of four hundred dollars. Upon these facts the court was asked to charge the jury that if they believed " from the evidence that the plaintiffs presented a claim for the sum of five thousand dollars to the commissioners of Lyon County, the defendant, and that after such presentation of said claim for services, said board allowed or approved the sum of four hundred dollars gold coin only of such claim, you are instructed that such act of approval of a part of said claim does not in itself alone constitute a ratification of any agreement or contract made by William Gates, district attorney of defendant, with the plaintiffs for plaintiffs' compensation as attorneys or counsel in the

suit of the Virginia and Truckee Railroad Company against Lyon County." This was refused and exception taken.

The instruction should have been given. The only fact tending to make such a ratification was the action of the commissioners in allowing the plaintiffs four hundred dollars. In determining whether the instruction be correct or not, it must be viewed in connection with this state of the proof on the part of the plaintiffs. It is not necessary to decide whether under all circumstances, or as an abstract proposition, the action of the commissioners in making a partial allowance of a demand growing out of a contract between the district attorney and the plaintiffs will constitute a ratification of such contract, but *only whether such was the result under the proof as it existed in this case.* There was not a scintilla of testimony to show that the commissioners knew of any contract between the district attorney and plaintiffs at the time they made the allowances, nor did the claim as presented to the board show that it was made upon or grew out of any contract whatever. The minutes kept by the clerk constitute all the evidence upon this point, and they are thus set out in the record : " Monday, October 3d, 1870. Board of county commissioners. The following bills were examined and allowed : Clarke & Wells, (attorneys' fee in mandamus suit) five thousand dollars ; allowed for four hundred." There is certainly nothing here showing that the plaintiffs' claim was made upon a contract of employment between plaintiffs and the district attorney. Indeed, we are unable to find a word in the transcript even tending to show that the commissioners had any intimation of such employment, beyond the mere fact that one of them knew the services were rendered. On the contrary, the commissioner Byron, who was present at the trial, testifies that he did not know by what authority the plaintiffs appeared in the case ; and it is not shown that the others even knew the services were rendered. Now, then, here is a claim presented to the commissioners for legal services ; the commissioners make a partial allowance of it ; will that fact, without proof that they knew the claim was made upon a contract of employment by the district attorney, constitute a ratification of any such contract ? The law is too well settled to necessitate argument or the citation of authorities that no act will amount to a ratification

of an unauthorized contract, unless the person charged with the ratification is cognizant of all the material features of the contract which he is claimed to have ratified. But, if a full knowledge of all the *essentials* of the contract be necessary, how much more so the knowledge of the existence or execution of the contract itself. As it is essential to the validity of a contract that the minds of the contracting parties meet in harmonious understanding as to its tenor and provisions, so it is no less essential where it is sought to charge a party with ratifying it that he give his assent understandingly; for a ratification is after all but the execution of a contract on the part of the person ratifying it—it is the giving of his assent, without which no obligation would be imposed upon him. Hence the rule respecting ratification.

Under this rule, it is manifest if Gates had entered into a contract with the plaintiffs whereby the county was to pay them five thousand dollars for the legal services rendered, the county would not be held to ratify it, unless the commissioners were informed of the sum agreed to be paid; that would be not only a material fact, but perhaps the fact most material, to be known by them. But if information of such a fact would be essential, upon what ground can it be claimed it is not equally essential for them to know whether the services for which compensation is claimed were rendered upon contract, or gratuitously performed? If gratuitous, then it is clear the allowance of a portion of the sum claimed would not in any way entitle the plaintiffs to recover the balance, because the allowance, like the services, would simply be a gratuity; but if there were a contract upon which the claim was made, and it be held that a payment of a portion of the claim would ratify the contract, and thereby authorize the recovery of any stipulated sum, or what the services might be proven worth, as is the case here; then most assuredly it is essential that the commissioners know whether the claim is made upon a contract. It would be a doctrine no less dangerous than unwarranted by the law, to hold that county commissioners cannot make an allowance either in full or partial payment of a claim presented to them, without thereby ratifying some contract executed without authority, and entirely unknown to them. If there be any reason for the law which only holds the principal to a ratification of

an unauthorized contract, when he is cognizant of all the material facts, by parity of reasoning there can be no such ratification when the very existence of the contract is unknown.

It was also incumbent on the plaintiffs, who relied on ratification, to prove that the commissioners knew of the contract, and not upon the defendant to establish the negative. *Nixon* v. *Palmer*, 4 Selden, 398. The presentation of the claim could not charge the commissioners presumptively with knowledge of it. They alone had the authority to bind the county in such contract, and they knew they had not done so; hence, the only presumption and natural inference was, that the services were gratuitously rendered. Thus plaintiffs' case for ratification stood upon the bare fact that the commissioners made an allowance to them of four hundred dollars upon a claim of five thousand, which, as we have endeavored to show, without proof that the commissioners knew of the contract of employment, would not amount to a ratification; therefore the instruction was correct and pertinent, and should have been given.

The answer in this case directly denies any employment or retainer of plaintiffs by defendant—thus putting in issue the material allegation of the complaint; and also alleges that the services rendered were not worth over four hundred dollars, which sum the defendant offered to pay, avers its willingness still to pay, and brings the same into court for that purpose. It is argued this plea of tender is an implied admission of the employment or retainer of plaintiffs, and consequently the only issue left to be tried by the pleadings was the value of the services rendered. This was undoubtedly the rule under the old practice. But we can see no reason why, under the practice adopted in this state, it should be so. The code allows the defendant to plead as many defenses as he may have, and also declares that in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties. Now, under similar statutory provisions, it has been held that the defendant may plead inconsistent defenses, provided they be not so incompatible as necessarily to render one or the other absolutely false; and as a consequence, that in so pleading he does not waive any of the defenses set up by him. See *Hill* v. *Brown*, 22 Cal. 671, and cases

there referred to. In this case there is certainly no such absolute repugnance between the denial of the employment or retainer of plaintiff and the offer to pay a smaller sum than that claimed, as that both cannot be consistent. The tender of a smaller sum is certainly not a necessary admission that any sum is legally due; it is simply an implication or inference which might, under former rules of pleading, be sufficient to bar all contradictory proof; but under a practice which makes it the duty of courts to give a liberal construction to pleadings, with a view of effecting justice between the parties, it would be unwarrantable to allow such mere implication to overcome a positive denial or direct allegation of the pleader. Here the defendant has, under oath, denied that the plaintiffs were retained or employed by it; how would it comport with the liberal spirit of the code to hold that such denial is rendered nugatory by an implication that they were so retained, arising simply from an offer to pay, and tender of a smaller sum than that demanded?

But be this as it may, the plaintiffs cannot now for the first time make this point. At the trial it does not seem to have been claimed that the plea of tender was an admission of the contract of employment. The plaintiffs themselves introduced evidence for the purpose of establishing such contract, and no objection whatever was made to the testimony offered by the defendant tending to show the contrary. Whether such contract had been entered into or ratified was one of the issues submitted to the jury, and upon which, evidence was introduced by both parties; and indeed no point, either by motion or otherwise, appears to have been made upon this implied admission in the answer until the case came to this court. Under the circumstances, the plaintiffs should not now be allowed to make it. Had this construction been claimed for the answer at the trial, the defendant would have had an opportunity to amend it by withdrawing the tender, and thereby obviate the result of a mere construction against it evidently never intended. For had it intended to simply put the plaintiff to the proof of the value of the services, it would not under oath have denied the employment.

It is manifest therefore, there was no intention to admit the retainer of the plaintiffs, and if such admission is made, it is simply by implication; therefore justice demands that if advantage is to be

claimed or reliance placed upon such implied admission, it shall be done before the opportunity for amendment has passed. *Klink and Wife* v. *Cohen*, 13 Cal. 23. It is hardly necessary to say that what is here said has no reference to direct admissions, but only to such as result from construction or implication, and where as a consequence the pleader may be misled to his injury if the point be not made at a time when he may amend. Judgment reversed.