# HUNT *v.* JOHNSTON

## No. 2779

May 1, 1928.                    266 P. 916.

*James D. Finch,* for Appellant:

*Barry & Barry,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This is an action to recover under a contract of employment for services rendered. From a judgment

in favor of the plaintiff the defendant has appealed.

The theory of the defendant is that the plaintiff actually rendered to the Long Valley Land & Development Company the services for which recovery is sought instead of to him. He was at all times mentioned in the proceedings the president and general manager of the company and owned personally some property in the vicinity in which the property owned by the company was situated.

The trial judge took the view that Johnston was the company. In his opinion the trial judge said:

"This case is unique in that it exhibits the facility with which individual and corporate entities and business can be confounded when the corporation is little more than a diaphanous garment covering the figure of its dominant component."

It seems that the defendant put up from private funds every dollar that went into the company during its operations while the plaintiff was employed, and he admitted that he owned most of the stock of the company.

It is clear that the company owned a large amount of property and that substantially all of the work done by the plaintiff was upon the property of the company, and we are frank to say that if the case had been before us for determination in the first instance we are strongly inclined to think we would have made findings contrary to those made by the trial judge; however, there is evidence in support of the findings and judgment.

■ But if we were to reverse the judgment it would be at the cost of appellant and with an order directing an amendment in accordance with the undisputed proof to the effect that the defendant had in writing guaranteed the debt. It would be our duty to do this in pursuance of Rev. Laws, 5066, which provides:

"The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect."

In view of the written guarantee no substantial injustice was done the defendant by the rendition of the particular judgment, and it is the spirit of the statute that no judgment shall be reversed for a mere technical error when substantial justice has been done.

██ There is nothing to appellant's contention that the proposed amendment is inconsistent and hence could not be properly allowed. The following language of SANDERS, J., in Nelson v. Smith, 42 Nev. 302, 176 P. 261, disposes of the point:

"Some courts hold that inconsistent causes of action and defenses cannot be pleaded, but that ruling is based upon the theory that one or the other must be false, and that the pleader ought to know which is true and which is false, and that he should be compelled to choose between them; and it has been squarely held by this court that a party may plead inconsistent defenses, provided they are not so incompatible as to render one or the other absolutely false. Clarke v. Lyon County, 7 Nev. 81. We think the rule is sustained by both reason and authority, and see no reason for repudiating the rule heretofore adopted. See, also, 31 Cyc. pp. 150–152."

It is ordered that the judgment be affirmed. Respondent to recover his costs.

### ON PETITION FOR REHEARING

May 29, 1928.

*Per Curiam:*

Rehearing denied.