RUTH LEEPER, Respondent, *v.* THOMAS S. HERZ, Et Al., Appellants.

No. 3489

October 2, 1947.                                   184 P.2d 1006.

*H. R. Cooke,* of Reno, for Appellants.

*Harlan L. Heward,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an appeal from a judgment of the Second judicial district court of the State of Nevada, in and for

Washoe County, upon a verdict rendered by the jury in the sum of $5,000 for the death of respondent's mother, Agnes Leeper, caused by the negligence of Thomas Herz, one of the appellants, a minor, and the son of Rudolph Herz, the other appellant. The accident occurred in the driving of a car by Thomas while in the employ of Rudolph. Rudolph, pursuant to the uniform motor vehicle operators' and chauffeurs' license act (Nev.Stats. 1941, c. 190, p. 529), had also executed his assumption of liability caused by the negligence of his minor son Thomas in operating said vehicle. The amended complaint, among other things, alleged "that plaintiff is the daughter of and the sole heir of Agnes Leeper, who died July 16, 1946." The case is before us on appeal from the judgment alone, and the record discloses the amended complaint, the demurrer thereto, the order overruling demurrer, the answer, the reply, the verdict, and the judgment on the verdict. The answer denies negligence and pleads the further defense of contributory negligence. There is no transcript and no evidence or record of other proceedings in the trial court before us.

Only one point is urged on this appeal, namely, that the complaint does not state facts sufficient to constitute a cause of action against the defendants. Appellants insist that if this is so, "the entire proceeding in the trial court was without jurisdiction" and that "the trial court in effect had nothing before it"; that by reason of its error in overruling the general demurrer to the complaint, the judgment must be reversed.

Appellants assert that the action is obviously brought under authority of sec. 8554, N.C.L., as amended, Stats. 1939, page 17, reading in part as follows: "When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death * * *."

It is further pointed out that this was an action

unknown to the common law and that, being purely statutory, it is necessary to allege sufficient facts to bring plaintiff within the provisions of the particular statute under the authority whereof the action may be maintained; that the amended complaint was fatally defective in failing to allege that the decedent was not a minor; that, in like manner, if an action were brought by the father and mother jointly under N.C.L., sec. 8553, it would be incumbent to a statement of a cause of action to allege that the deceased was a minor. Appellants further insist that the point was properly raised by a general demurrer to the complaint, that under the provisions of sec. 8601 N.C.L., and the repeated construction thereof by this court, such objection may be made at any time and that there is no course open to this court other than to reverse the judgment. In support of their contention that the amended complaint was fatally defective in not alleging that the decedent was not a minor, appellants rely upon the case of Tann v. Western Pac. Ry. Co., 39 Cal.App. 377, 178 P. 971, 972. Respondent contends that the case is not in point and that it is not good law. It is clear, however, that the case is precisely in point, and we are of opinion that it correctly and clearly states the law. It was there held, under an identical statute, that the plaintiff's failure to allege that the decedent was not a minor, left it fatally defective. "Undoubtedly, the complaint does fail to state a cause of action if it fails to allege that deceased was an adult and left an heir, or heirs, an allegation absolutely essential in an action of this character." Id. Virtually the same position was taken by this court in Wells, Inc., v. Shoemake, 64 Nev. 57, 177 P.2d 451, and by the United States district court for this district in Perry, Administrator, v. Tonopah Mining Co. of Nevada, D. C., 13 F.2d 865. In the Tann case, however, peculiarly enough, the trial court had erroneously sustained a demurrer, without leave to amend, upon two other grounds, and the California district court of appeal

reversed the judgment and remanded the cause so that the complaint might be amended and further proceedings had. No trial of the case had been had in the trial court.

■■. While we are entirely in accord with the holding of the California court to the effect that the complaint did not state a cause of action, the instant case finds itself in a very different position from that of Tann v. Western Pac. Ry Co., supra. Here, as there, we are confronted with the rule that there was no waiver of the point that the complaint did not state facts sufficient to constitute a cause of action, and here, as there, the particular point involved was not urged in the court below. From that point, however, the status of the instant case and the status of the Tann case diverge decidedly. There had been no trial of the issues in the Tann case, and the court quite properly remanded the case for trial on the amended complaint. The present case, however, presents the following situation. Although the general demurrer was served and filed it was submitted without argument, and quite naturally overruled. The point involved was never urged to the trial court nor ever called to its attention. From the entire absence of any record other than the judgment roll mentioned, we are confronted with a number of assumptions: that the point was not urged in objections to the evidence, that it was not the basis of a motion for new trial, that it was not urged as grounds of a nonsuit, that it was not presented in the form of instructions to the jury nor in the form of a demurrer to the evidence, and that, more important still, the actual fact that decedent was not a minor was established by due and competent proof. Indeed, appellants insist that the proof of such fact was essential to plaintiff's case. We must, therefore, assume that there was ample evidence to support the findings of the jury, including the issue of the majority of the decedent. Harper v. Lichtenberger, 59 Nev. 495, 92 P.2d 719, 98 P.2d 1069, 99 P.2d 474.

If the point had been called to the attention of the

district court, it would undoubtedly have sustained the demurrer with leave to plaintiff to amend by inserting the words "not a minor." If the point had been raised on objections to evidence the trial court would undoubtedly, in the exercise of a sound discretion, have permitted the amendment then and there, in the absence of circumstances indicating that defendants had been misled, or possibly upon the imposition of terms. If the point had been raised on motion for nonsuit, the court would probably likewise have permitted an amendment to conform to the proof. We are entirely in sympathy with the remarks of Chipman, P. J., in Slaughter v. Goldberg, Bowen & Co., 26 Cal.App. 318, 147 P. 90, 93, as follows:

"It seems to us that the reformed procedure would receive a decided shock if a defendant should be permitted to stand by and without objection allow an issue to be tried as though properly presented by the pleadings and on appeal escape the consequences by claiming that the complaint failed to present such issue. If there ever was a case where section 475 of the code of civil procedure was intended to apply, this, it seems to us, is one. In Texas & Pac. Ry. Co. v. Lacey [5 Cir.], 185 F. [225], 226, 107 C.C.A. [331], 332, the action was similar to the one here, and the statute gave the right to the parents only if the deceased left no widow or minor children. The complaint was silent as to the existence of heirs, as is the present complaint. After stating that an amendment would no doubt have been allowed in the lower court had the objection been there presented, the court said:

" 'The point, if it occurred to counsel—and it probably did not—was held in ambush till the case reached this court, when it came out in the open. We think it is too late to present that defense. * * * If there were no statutes or local decisions to sustain the view, we would hold, nevertheless, that a defendant would not be permitted to successfully urge the alleged defect in this court after entering a general denial and trying the case

on the merits in the lower court and having failed to suggest the alleged defect in that court.'

"Nor do we think it can be said that the general demurrer sufficiently apprised plaintiff of the defect and relieved defendant from the necessity of objecting to the evidence. In [City of] Henderson v. Sizemore, Ky., 104 S.W. 722, it was said:

" 'It would be trifling with justice to hold at this late stage of the proceeding that the judgment should be reversed for the error in failing to sustain a demurrer to the petition. Especially in view of section 134 of the civil code of practice, providing that the court must in every stage of any action disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party.'

"See Abner Doble Co. v. Keystone [Consol. Min.] Co., 145 Cal. 490, 495, 78 P. 1050; Carroll v. Briggs, 138 Cal. 452, 455, 71 P. 501.

"In the case here the trial proceeded in all respects as though the pleadings sufficiently presented the issue as to there being heirs and precisely as it would had the complaint contained the allegation which it is insisted it should have contained. Why, then, should the case go back to have the complaint amended, as it is manifest that the proofs would be the same? How can it be said that defendant has sustained 'substantial injury and that a different result would have been probable if such error * * * or defect had not occurred?' "

A rehearing was asked for in that case upon a single question: "Did the evidence that deceased left heirs (here that decedent was not a minor), offered and admitted at the trial without objection, cure the failure to allege the fact in the complaint?" The district court of appeal admitted that support of a negative answer could be found in some of the cases and invited the appellant to petition the supreme court of California for a rehearing, which rehearing the supreme court of California thereafter denied. It should be noted that the

California statute enjoining the disregard of technical errors and defects is similar to our own (N.C.L., sec. 8622), which reads as follows: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the parties; and no judgment shall be reversed or affected by reason of such error or defect." The salutory purposes of this section have been recognized and enforced by this court on many occasions.

■  We feel that our course is clear in the present case. In Hunt v. Johnston, 51 Nev. 1, 266 P. 916, COLEMAN, J., speaking for the court in a case in which it was clear that the complaint was materially deficient, said: "But if we were to reverse the judgment it would be at the cost of appellant and with an order directing an amendment in accordance with the undisputed proof to the effect that the defendant had, in writing, guaranteed the debt." The court held that this duty did arise out of Revised Laws, sec. 5066, which is our present statute N.C.L. sec. 8622. In Commercial Credit Co. v. Street, 37 Ariz. 204, 291 P. 1003, 1005, the court likewise found that essential allegations were lacking in the complaint, but that evidence of the facts was introduced without objection. Referring to 4 C.J. 749, 1169, the court said: "Since the trial was had as though these facts appeared as allegations of the complaint, the complaint should be regarded and treated as amended to contain them." Vol. 5 C.J.S., Appeal and Error, sec. 1542, page 306, under the caption "Amendments Regarded as Made," contains the following headnote: "Necessary or desirable amendments to the pleadings not shown by the record to have been made will often be regarded by the appellate court as having been made." Although there are many restrictions to and limitations upon this rule, we consider the present occasion a proper one for its application, under all of the circumstances of the case.

The position we have taken makes it unnecessary to pass upon a number of other contentions made by the

504

respective parties, all having to do with rules of pleading.

It is ordered that the amended complaint be regarded by this court as having been further amended by adding the allegation that the deceased was not a minor, in order to conform with the proof. It is further ordered that the judgment be affirmed, with costs.