MARS *v.* McKAY *et al.* DEFENDANTS, AND HATCH *et al.* IN-
TERVENORS.

UNDER the Mechanics' Lien Act, it is not necessary that the account, to be filed in
the Recorder's office, should remain in the office after it is recorded.

A suit to enforce a particular lien, under the Act, is a proceeding to enforce all the
liens against the property. And an intervention in a suit already pending, if
filed within the six months, is as much a compliance with the Act as an original
suit.

APPEAL from the Seventh District.

*D. O. Shattuck,* for Appellants.

The statute is complied with, as to filing, etc. when the claim
is properly made out, authenticated, and handed to the Re-
corder; and the intention of the statute was that it should be
recorded, instead of its remaining a loose paper marked "filed."
The object was to give notice to the world of a lien upon spe-
cific property. The mere filing such claims in the Recorder's
office would not effect the object.

As to the second point, and the one upon which the Court
below decided the case, the statute is clear that there shall be
but one suit, for, in Section 7, the language is : " Said liens (not
*lien,* but *liens,*) may be enforced by suit in any Court of compe-
tent jurisdiction on," etc.

It contemplated but one suit to foreclose all the liens, and if
that was commenced in time, and all others intervened in time,
the law is fulfilled and expenses of separate suits saved.

COPE, J. delivered the opinion of the Court—BALDWIN, J. con-
curring.

This suit was brought to enforce a lien for building material
against certain property in the town of Petaluma. The Court
rendered an interlocutory decree establishing the lien, and there-
upon caused the notice required by the statute to be published,
notifying all persons holding or claiming liens on the property
to appear in Court on the 4th day of May, 1858, to exhibit the
proof of their liens. On the 1st day of March, 1858, the inter-
venors filed a statement of their demand and lien, and on the
29th day of October, 1858, the Court rendered a final decree

allowing such demand and lien, and ordering a sale of the property. A motion was made for a new trial, which motion was overruled as to the plaintiff; but the Court so modified the decree, as to the intervenors, as to reject their lien, leaving them only a personal judgment against the defendants. From the order modifying the decree the intervenors appeal to this Court.

The intervenors filed an account of their demand, made out and verified as required by the statute, and containing a description of the property, and a notice of their intention to claim a lien, on the 4th day of September, 1857, which account was recorded on the 13th of October, 1857, and was then taken from the office of the Recorder. The demand was due at the time of filing, and the only action taken to enforce the lien within the period of six months thereafter, was in this case. The statement of the intervenors, setting up their demand and lien in this suit, was filed within that time. But two points are made in support of the order modifying the decree : 1. That the account, as originally made out, should have remained on file, and that its removal destroyed the lien. 2. That no suit was brought to enforce the lien within six months after it was filed.

In relation to the first point, the statute requires the holder of a lien to file in the office of the County Recorder of the county in which the property is situated, a just and true account of the demand due him, and a correct description of the property to be charged with the lien, and makes it the duty of the Recorder to record the account so filed in a book provided for the purpose. We do not infer from this that the account itself is to remain on file. The object of the statute is to give notice to the public of the existence of the lien, and this is as well accomplished by the record alone as by both record and account. As this object is not defeated, or in any manner affected, by the removal of the account after it has been recorded, to hold that such removal destroys the lien would be a harsh and illiberal construction of the statute. The fact that the filing of the account is a prerequisite to the bringing of a suit to enforce the lien, does not militate against this view.

The second point is also untenable, and derives no support from the letter or spirit of the statute. The idea of a multiplicity of suits in cases like the present is expressly excluded. The

statute requires that every lien on the same property shall be litigated and enforced in the same action, and every suit brought to enforce a particular lien must be regarded as a proceeding to enforce all the liens against the same property. It must not be understood, however, that if the intervenors had failed to connect themselves with the proceedings in this case until their lien had expired by lapse of time, the pendency of this suit could avail them as against the limitation provided by the statute. But having filed their intervention and become parties to the suit within the prescribed period of six months, and during the existence of their lien, the effect of their position is precisely the same as if they had commenced an original action. This construction harmonizes the different provisions of the statute on this subject, and does no violence either to the letter or spirit of the Act.

For these reasons the order modifying the decree is reversed and set aside, and the Court below is directed to proceed and enforce such decree as originally rendered.

Ordered accordingly.