## S. A. Cook v. J. M. Cook.

### No. 6437.

**Trusts.**—A deed absolute on its face but executed upon trust that the land should be reconveyed to the vendor on the payment by him of a stipulated sum vests title which can not be retained; after the money is repaid, as security for advances or other debts not specified in the trust. The vendor may enforce after repayment a reconveyance of the land, without regard to other indebtedness.

Error from Grayson. Tried below before Hon. Richard Maltbie. The opinion states the case.

*S. S. Fears* and *J. W. Finley,* for plaintiff in error.—The defendant held the land as security for the $980.30. When the debt secured was paid, the mortgage was defeated, the absolute title vested in the party who held the equity of redemption, and the transfer of the land to plaintiff by D. A. Cook in 1882 vested the title in plaintiff, the $980.30 for which it was held as security having been paid. The defendant, being trustee, could derive no benefit from the trust property; and even if plaintiff owed him for attorney fees and expenses in perfecting title to this land, which we deny, he could by virtue of the trust be placed in no better condition in regard to said indebtedness than he would have been in if the land had never been delivered to him in trust. 1 Jones on Mort., secs. 864, 869; Barrett v. Vincent, 69 Texas, 685; Perry on Trusts, secs. 308, 311, 312, 427; Hall v. Jackson, 3 Texas, 309.

No brief for defendant in error.

HOBBY, JUDGE.—There are several errors assigned by the appellant which we think would necessitate a reversal of this cause. But there is only one we believe necessary to be considered.

The action is one to remove clouds from the title to and for the recovery of 150 acres of land (described in the petition), brought in the District Court of Grayson County, August 18, 1884, by plaintiff in error against the defendant in error. Plaintiff claimed that one D. A. Cook tranferred said land or caused it to be transferred with other land to defendant by deed absolute on its face, but which was in reality in trust, to be held by said defendant for plaintiff subject to a debt of $980.30 with interest; that prior to November, 1882, plaintiff paid said debt to defendant, and on that date said D. A. Cook by deed conveyed said land to plaintiff, and in said deed authorized defendant to convey it to plaintiff, but that defendant had failed and refused to do so, claiming said indebtedness had not been paid. Trial May 7, 1885, by jury. Verdict and judgment for defendant. Motion for new trial overruled May 8, 1885, and notice of appeal given in open court.

The sixth assignment is that "the verdict was against the evidence, and the court erred in not granting a new trial, because the testimony shows that the debt secured by the land had been paid."

The proof in the case showed that the land in controversy was held in trust by J. M. Cook, the defendant in error, for the payment of about $980.30; that this amount had been paid to J. M. Cook by the sale of a tract of land owned by plaintiff, which realized the sum of $825, and the payment of a note to one Webb due from defendant amounting to $200. These facts are not disputed by the defendant. But it appears from his testimony that the plaintiff and he, who were partners in the acquisition of lands, at one time owed (or so defendant claimed) the latter for amounts the latter paid out to attorneys for services in perfecting titles to other lands in which they were interested. But it is not made to appear, even if the plaintiff was bound for such sums of money to defendant as claimed, that this had any connection with or reference to the land involved in this suit. The testimony, however, discloses that the appellee had no authority to pay attorney fees to any one from the plaintiff. Whatever obligations may have been incurred by the plaintiff for the payment of attorney fees or other expenses in perfecting the titles to the lands in which he and appellee were interested were matters wholly foreign to the question involved in this suit.

The proof showed that plaintiff had conveyed the land by absolute deed to the defendant. But as already stated it was undisputed that the land was held in trust by defendant to secure a debt of $980.30, which it is clear from the evidence plaintiff has paid. Having performed the conditions of the deed of trust or mortgage, the land necessarily reverts to plaintiff, and upon the failure of the defendant to convey, the former is entitled to a decree vesting title. The plaintiff is, under the facts, entitled to such decree, and we therefore think the judgment of the court should be reversed and remanded.

*Reversed and remanded.*

Adopted April 29, 1890.