## H. G. Barnet v. W. G. Houston.

Delivered January 19, 1898.

**1. Deed—Engrafting Parol Trust.**

A deed absolute upon its face may be shown by parol to have been made upon the trust that it be devoted primarily to securing the partnership indebtedness of the grantee, and that after it has served that purpose, any remainder of the land shall belong to one of the grantees in fee simple.

**2. Stale Demand—Recognition of Trust.**

The signature of one of the owners of the legal title to land to a deed of trust purporting to be made by the other owner alone, though not sufficient to constitute it the former's conveyance, constitutes a recognition that his title is subject to a trust for the purpose covered by the deed of trust, if such was the fact, and prevents the right to enforce such trust as against his title from becoming stale, unless the trust is repudiated by him.

**3. Partnership Deed by One Member.**

A deed of trust of partnership real property executed by only one partner, but with the consent of the other, to secure the partnership indebtedness, is valid and does not require the use of the firm name or the joint names of the partners in the instrument.

**4. Same—Death of One Does Not Revoke Power.**

A conveyance of partnership property by one partner, with the consent of the other, for the purpose of paying partnership debts, binds such other partner, and his death does not operate to defeat the power of sale conferred by the instrument.

**5. Limitations—Proof.**

It rests upon the party asserting limitations to prove every fact necessary to substantiate the plea.

**6. Trust Deed—Description of Debts Secured.**

A deed of trust to secure debts need only describe the debts sufficiently to enable them to be identified.

**7. Trustee's Sale—Proof of Debts.**

A trustee's sale of land to pay firm debts is not invalid because other firm debts were included in the trust deed, and the character of the firm, amount of the debts, and to whom due is not shown.

**8. Trust—Charge of Court.**

A charge that proof of the ingrafting of a parol trust on a deed absolute must be "clear and satisfactory" is erroneous, as on the weight of evidence.

**9. Evidence of Party—Transactions with Decedent.**

One of the grantees in a deed absolute on its face is not incompetent under article 2302, Revised Statutes, to testify to conversations with the since deceased grantor tending to establish a parol trust by which the property was to belong exclusively to the witness after the payment of certain debts owing jointly by himself and the other grantee, in an action between persons claiming under him and the heir of the other grantee.

**10. Assignment of Error—Admission of Evidence.**

An assignment that the court erred in admitting an answer to a certain interrogatory can not be considered, where the statement of facts mingles that answer and the answer to another interrogatory and affords no means of separating the two.

APPEAL from Gonzales.   Tried below before Hon. M. KENNON.

*T. M. Harwood* and *Thomas McNeal,* for appellant.

*E. Lewis* and *Atkinson & Abernethy,* for appellee.

JAMES, CHIEF JUSTICE.—This action was by appellant to recover of appellee an undivided half of a 320-acre survey.

The following uncontradicted facts appear: Eliza Barnett owned the land in 1868, and in the spring of that year executed a deed in usual form conveying the tract to Jas. A. and W. L. Barnett, her sons, reciting the consideration of $320, no such consideration, however, existing. Thereupon W. L. Barnett executed to James F. Miller and A. J. McKean as trustee a deed to said tract and another tract belonging to W. L. Barnett individually, and a few wagons, accounts, etc., for the expressed purpose of sale by them to pay off certain enumerated debts, some of which appear therein as individual debts of W. L. Barnett and some as debts of J. A. and W. L. Barnett, and among them was specified "claims in hands of Parker & Miller against W. L. and J. A. Barnett," and it provided in substance that if any surplus remained after executing the trust, it should be paid to W. L. Barnett. In this instrument W. L. Barnett alone appears as the grantor, but it was signed by James A. Barnett as well as by W. L. Barnett. It also appears that in 1882, the trustees had made no disposition of any of said lands, but all the debts mentioned in the deed of trust had been settled, except the claims in the hands of Parker & Miller. In October, 1882, Miller, one of the trustees, conveyed the lands to T. J. Ponton for $600, and applied the proceeds, less expenses, to said claims. His cotrustee had died soon after the execution of the deed of trust, and J. A. Barnett had died in 1877. In October,

1882, W. L. Barnett also executed a deed to the 320-acre tract in question to Ponton. The latter immediately upon his purchase went into possession of the survey and this possession has continued. Defendant Houston holds under Ponton's administrator.     After J. A. Barnett signed the deed of trust, he asserted no claim to the land.

Defendant pleaded by general demurrer and general issue, the several statutes of limitations, and improvements, and by special plea averred in substance that the deed from Mrs. Barnett to J. A. and W. L. Barnett, absolute in form and reciting a money consideration paid by them, was not the real transaction, but it was executed for a certain purpose and upon a certain trust or use, giving in detail the transaction, not necessary to reproduce, but sufficiently indicated by the following clause of the answer:

"Defendant alleges that under the circumstances as herein just set out, and for the purpose of assisting said J. A. Barnett and said W. L. Barnett in settling their said individual and partnership indebtedness, and for the purpose of enabling them to secure and postpone the payment of said indebtedness, and prevent the sacrifice of their said property; and to assist them in the payment and satisfaction of said indebtedness, the greater portion of which had been incurred for her and in her behalf; and in order that the said J. A. Barnett might, as well as his brother W. L., have property in his name not otherwise incumbered, with which to secure and postpone the payment of said indebtedness, the said Mrs. Eliza Barnett, if she ever did execute said deed, acting by and with the full knowledge and consent of the said J. A. Barnett and the said W. L. Barnett, made and executed the said deed, conveying the land in controversy in this suit to said J. A. and W. L. Barnett, for no other or further consideration than herein above expressed; with the full understanding and agreement then and there, by and between herself and the said J. A. Barnett and W. L. Barnett, that no absolute title was thereby conveyed, or intended to be conveyed to said J. A. Barnett in said land; but with the further full agreement and understanding by and between the said parties to said deed, that, for the purpose of securing the indebtedness hereinbefore set out and described, the said J. A. Barnett and said W. L. Barnett, for no other or further consideration than herein above expressed; with the full understanding and agreement then and there by and between herself and the said J. A. Barnett and W. L. Barnett that no absolute title was thereby conveyed, or intended to be conveyed to said J. A. Barnett in said land; but with the further full agreement and understanding by and between the said parties to said deed, that, for the purpose of securing the indebtedness hereinbefore set out and described, the said J. A. Barnett and said W. L. Barnett would execute a mortgage or trust deed for the benefit of their said creditors, and for the purpose of securing them in the payment of said claims hereinbefore mentioned; and for the purpose of postponing the payment of said indebtedness, and to prevent the sacrifice of the property of the said J. A. Barnett and W. L. Barnett, and especially the

property above mentioned belonging to the said W. L. Barnett; and with the further full understanding and agreement then and there by and between the parties to said deed, that in case the said indebtedness could be paid off or otherwise satisfactorily settled without the sacrifice of said property that then in that event said 320-acre tract of land should revert to and become the property of the said W. L. Barnett, and vested in fee simple in him; and that thereupon all right, title, claim, or interest of the said J. A. Barnett therein should lapse and cease to exist."

To this answer plaintiff replied by demurrer and by setting up minority, limitations, and stale demand. The existence of such oral trust as affecting such deed was conflicting. There is no conflict in the evidence as to the fact that J. A. Barnett and W. L. Barnett had been partners in the stock business; that at the time Eliza Barnett deeded to them this land they were in an insolvent condition, owing considerable partnership as well as individual indebtedness, and there was evidence going to show that the partnership had a firm name, which corresponded with the name of the grantee in the deed from Eliza Barnett.

The verdict was in favor of defendant.

*Opinion.*—The case was submitted upon two theories, one being the existence of the parol trust, the court charging in this connection that if the same was proven, and the land was sold for the purpose of paying the debts contemplated by it, the verdict should be for the defendant; the other theory being that the land was conveyed by W. L. Barnett to the trustees to pay partnership debts of Jas. A. and W. L. Barnett with the consent of Jas. A. Barnett, and in this connection the charge was to find for defendant if the jury found such facts and the further fact that the land was sold under the trust deed to pay partnership debts. We will first consider the case in reference to the first of these theories.

That a deed absolute upon its face may be shown to have been intended to be held by the grantee in subordination to a use or trust, and so enforced by a court of equity, is not disputed. Cook v. Cook, 77 Texas, 85. If Eliza Barnett had provided that after the uses to which the deed was to be applied, the land, or what remained of it, should be returned to her, there is no doubt that she could have enforced the return of it, or the remainder of it, and we can see no reason why she could not have provided that the residue should go to some one else. The evidence was sufficient to authorize a finding in favor of the existence of the parol trust alleged. If such trust existed, its effect was, as between W. L. Barnett and J. A. Barnett, to give the former the superior title to the land, and make J. A. Barnett (plaintiff's father) a trustee for W. L. Barnett, and defendant holding by deed from the latter, without anything more, would have entitled him to a verdict, if such oral trust or equitable claim had not become a stale demand. Upon the theory we are considering, as the matter was submitted, the jury could not have found for defendant unless they found the existence of the trust. If such trust was found to exist, we think that the signature of J. A. Barnett to the deed of trust,

which provided for the property taking substantially the course prescribed by the trust, although not sufficient to constitute it his conveyance (Stone v. Sledge, 87 Texas, 53), yet it shows on his part a recognition of such use or trust, upon the issue of stale demand. It requires no citation of authorities to show that where one holds title for another by an express trust, the equitable title does not become stale so long as the trustee does no act amounting to a repudiation of it. In Watson v. Simpson, 80 Texas, 287, citing from Cole v. Noble, 63 Texas, 434, it is stated that in cases of resulting trusts where the trust is admitted and there is no adverse holding, no lapse of time affects the beneficiary. In constructive trusts which presuppose an adverse right from the beginning in the trustee, limitation will run from the time the beneficiary could have vindicated his right by action or otherwise; but even in such cases the trustee must bring himself clearly within the position of a continued and consistent adverse claimant and the cestui que trust must have no reasonable excuse for failing to prosecute his claim within the proper time.

In other words we understand that when such outstanding equity exists, and its existence is recognized or admitted by the holder of the legal title, it requires some subsequent hostile act on the part of the latter in order to put the equitable owner upon action, and under such circumstances his position in respect to stale demand is governed by the same rule that applies in express trusts. If therefore the land was in fact held by J. A. and W. L. Barnett subject to such claim or use, we think that J. A. Barnett by placing his signature to the deed of trust, recognized it, or at least it was an act calculated to create the belief that he recognized it, and its natural effect was to deter any action by W. L. Barnett or the trustees to vindicate it. Cole v. Noble, supra. The undisputed evidence is that J. A. Barnett asserted no right or claim to the property afterward, and he died in 1877. We are of opinion the court did not err in not submitting in connection with the parol trust, the issue of stale demand.

In reference to the second theory, upon which the case was submitted, and upon which the jury may have found their verdict, the charge was as follows: "Or if you find from the evidence that James A. Barnett knew the contents of the deed of trust and gave his consent to its execution, and the land was sold under the trust deed for the purpose of paying partnership debts of Jas. A. and W. L. Barnett, then the interest of Jas. A. Barnett passed by the trustee's sale, notwithstanding the fact that Jas. A. Barnett was dead at the time of the sale under the trust deed and if you find such to be the facts, you will find for defendant." The intention of this charge was to apply the principle that one partner may, with the consent of the other, convey and apply partnership land to the settlement of partnership indebtedness. Frost v. Wolf, 77 Texas, 461.

If the deed of trust had been executed in the firm name, it would have brought this case within this principle clearly. It seems to us that if the land was partnership property for any purpose, and a mortgage was given

upon it by one partner in respect to such purpose, with the consent of the other partner, to hold that its validity as a partnership disposition of the land would depend upon the use of the firm name or the joint names of the partners in the instrument, would be the grossest technicality. Moran v. Palmer, 13 Mich., 367. Especially so here where the concluding clause of the instrument—"Witness our hands and seals, using scrawls for seals, this 22d day of Feb. 1868. W. L. Barnett. (Seal.) James A. Barnett. (Seal.)"—which indicates knowledge of, consent to, and participation in the disposition of the land.

The seventh assignment presents the objections to this paragraph of the charge:

1. Because the evidence shows that the debts for which the land was sold were barred by limitations. This objection is not good, because the evidence shows that the debts remaining unpaid at the time of the sale by the trustee to Ponton were those designated in the deed of trust as "claims in hands of Parker & Miller against W. L. and J. A. Barnett." These may have been written obligations, and if so, limitations would not have commenced to bar them until March 30, 1870, and they would not have been barred until March, 1874, and a sale under the deed of trust in 1882 occurred less than ten years from such maturity of the debts. It rested upon plaintiff, who was asserting limitations, to prove every fact necessary to substantiate the plea, and in the condition of the evidence it was proper for the court to assume that all of these debts had not become barred, so as to nullify a sale in 1882 under the power of sale.

2. Because no title could pass by the sale after the death of J. A. Barnett. A conveyance of partnership property by one partner with the consent of the other, for the purpose of paying partnership debts, binds such other partner, and his death does not operate to defeat the power of sale conferred by the instrument. Schwab v. Claunch, 29 S. W. Rep., 922.

3. Because the evidence showed that all the debts of J. A. and W. L. Barnett were paid except the claims above stated, and no sale could be made to pay such claims, they not being sufficiently described. The description was sufficient to enable them to be identified, which is all that is necessary in any case.

4. Because there was not sufficient evidence of a partnership between J. A. and W. L. Barnett at the date of the execution of the trust deed, nor of the character of the partnership, nor that the land was conveyed to them as partners, the trust deed not having been executed by them as partners, nor to pay partnership debts alone, nor was there evidence of the amount of partnership debts, nor to whom due to authorize the submission of that fact to the jury. We think there was evidence that would authorize the conclusion that the deed was made to them in their firm name as partners. The character of the partnership would be immaterial in this connection; an execution of such deed by one partner, the other consenting, would, in effect, be the act of both, and if made to

provide for payment of partnership debts, it appears to us that it would be immaterial what was the amount of such debts, or to whom due, or that other than partnership debts were included, if as the charge provides, the debts for which the sale is made were in fact partnership debts. We think that all the objections assigned to the charge are unfounded, and if the charge is objectionable, it must be so upon grounds that are not assigned.

From what has been stated, the assignment is not well taken that objects to the paragraph of the charge which states that no question of limitations arises in the case as to the debts secured by the deed of trust, nor did the court err in respect to the charges that were refused.

The remaining matters to be considered are presented by the eighth, ninth, tenth, eleventh, fifteenth, and twentieth assignments.

The eighth and ninth assignments complain of the refusal to give charge number 4 asked by plaintiffs. This charge would have instructed the jury that in order to engraft a parol trust upon the deed contrary to what appears upon its face, the evidence to that end must be clear and satisfactory. This expression in a charge has frequently been held to be improper. We find, however, that the court was led to give a charge upon this subject wherein it required the fact to appear with clearness and certainty. So much of these assignments as complain of the fourth and fifth subdivisions of the court's charge, in that it did not charge that the evidence was not sufficient to overcome the presumption that the deed was intended as an absolute conveyance, is not well taken, for we think that there was sufficient evidence from which to form such conclusion.

The tenth and eleventh assignments make the following points: First, that W. L. Barnett was not a competent witness to testify to the conversations or statements by which the trust was sought to be shown, because of Sayles' Statutes, article 2248, J. A. Barnett being dead, W. L. Barnett was not a party to the suit, and his testimony did not come within the statute. Gilder v. Brenham, 67 Texas, 345. Second, that the whole of W. L. Barnett's answer to interrogatory number 6 was inadmissible, because it was a detail of many matters not relevant to the issues. The statement of facts gives the answers to the fifth and sixth interrogatories together, and we have no means of determining what the sixth answer contained, and what the fifth answer contained, which latter was not objected to. Third, the same objection is made to the answers to interrogatories seven, eight and nine, which the record fails to identify. The fourth is not well taken if W. L. Barnett was competent to testify as above held. The fifth has no merit because the instrument referred to was the deed of trust, the original of which was in evidence.

The fifteenth assignment refers to objections to the testimony of E. C. Barnett, on the ground that her testimony was hearsay and irrelevant, and not competent to show a parol trust, and it appears not to be subject to any of these objections.

The twentieth assignment complains of the refusal of the following

charge: "In this case the jury are further instructed, that the law will not warrant you in finding that the deed from Mrs. Eliza Barnett to W. L. and J. A. Barnett was not in fact intended by her to be an absolute conveyance of the title to said parties as shown on its face, but was intended to be coupled with certain conditions as set out in defendant's pleadings, unless the same is shown with clearness and certainty, and must be proven by at least two witnesses, or by one witness and strongly corroborating testimony or circumstances, and you are further instructed that if you find from the evidence that the trust sought to be engrafted on the deed was in any way for the benefit of W. L. Barnett, one of the grantees in said deed, then his testimony alone is not sufficient to establish said trust." The proposition advanced under this assignment is that it is not competent to show such a trust by proving the declaration of a deceased trustee by one of the trustees, who was testifying to the trust in his own behalf. This proposition does not connect itself with what is contained in the refused charge. And we find that the court did charge the jury that the fact that there was such a trust must appear with clearness and certainty, and that the testimony of W. L. Barnett was not sufficient to show such trust unless he was corroborated by one or more witnesses or other corroborating circumstances.

The point is made by appellant that the sale was made by a surviving trustee, and such question is not considered. The motion for a new trial is properly overruled.

The judgment is affirmed.

*Affirmed.*

FLY, Associate Justice, did not sit in this case.

Writ of error refused.