## 21426.  JONES *v.* STEPHENS.

STEPHENS, J.  1. A cause of action for the breach of a contract by which a contractor agreed to put a roof on a house and guaranteed that the roof would not leak, where the alleged breach consisted in failing to do the work in such manner that the roof would not leak, does not arise before the work is completed.  Where it is alleged in the petition, in a suit

against the contractor to recover damages for such a breach of the contract, that the work was completed "on or about the 15th day of June, 1926," it does not appear from the petition that the suit was barred by the statute of limitations, which is four years, where the petition was filed on the 5th day of June, 1930. The petition otherwise set out a cause of action for a breach of contract, and the court did not err in overruling the general demurrer to the petition and the defendant's motion to dismiss the plaintiff's case. *Stringer* v. *Stringer*, 93 *Ga.* 320 (2) (20 S. E. 242) ; *Brock* v. *Wildey*, 132 *Ga.* 19 (2) (63 S. E. 794).

2. In a civil case where the evidence is sufficient to establish the plaintiff's right to recover, a special plea in bar by which the defendant relies upon the statute of limitations to defeat a recovery must be affirmatively established. *Durham* v. *Holeman*, 30 *Ga.* 619 (7). A failure of the evidence to show affirmatively that the suit was brought within the statutory period of limitation does not demand a finding sustaining the plea.

3. Where the suit was to recover damages for a breach by the defendant of the contract to place a roof upon the plaintiff's house, by the defendant's failure to comply with his guaranty that the roof would not leak, and the suit was filed on the 5th day of June, 1930, evidence that the contract was made "sometime about the middle or latter part of May, 1926" and that the defendant "was approximately two weeks in completing the job after he began the work," that the work was completed "sometime in between the first and the fifteenth of June, 1926," does not affirmatively show that the work was completed on or before the 5th day of June, 1926, and that the suit was barred by the statute of limitations in not having been brought within four years after the completion of the work.

4. Where the only evidence in support of the defendant's plea of the statute of limitations was his own testimony that the work was begun "the first week in May, 1926," and "was begun between the first and the fifth day of May and completed in the same week," that the contract was completed "before the first day of June, 1926," that "the work was completed the week that the material was sent out," and other evidence that the material for the job was delivered on the 17th, 18th, 19th, and the 24th of May, 1926, and the defendant's helper testified that the work was "all done in one week's time" and was completed during the week the material was delivered to the job, and where it appeared from other testimony that the defendant "was approximately two weeks in completing the job after he began the work," the evidence being, as respects the defendant's testimony, self-contradictory, and, as respects the testimony of the defendant and the helper, in conflict with other testimony, was insufficient to establish as a matter of law that the contract was completed four years before the filing of the suit on the 5th day of June, 1930, and that the suit was barred by the statute of limitations.

5. The above rulings dispose of all the grounds in the defendant's motion for a new trial.

6. The verdict for the plaintiff was authorized, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 23, 1932.

30

W. H. Burt, for plaintiff in error.   J. B. Lanier, contra.