KELLY HOWARD, D. G. MESSINGER and DEWEY H. SWEETEN, Appellants, v. WAALE–CAMPLAN & TIBERTI, INC., Respondent.

No. 3586

April 26, 1950.                                            217 P.2d 872.

*George E. Franklin, Jr.,* of Las Vegas, for Appellants.

*Leo McNamee* and *G. William Coulthard,* both of Las Vegas, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an appeal from a lien foreclosure judgment and decree in favor of respondent corporation and against appellants as owners of a leasehold interest in the property. The judgment was also against Gene Austin and Harry Siegel, sublessees, being the persons who ordered the labor and materials, and also against J. H. Gates and Eula B. Gates, owners. As noted, only Howard, Messinger and Sweeten appealed. The original action in the court below was entitled "J. Maher Weller v. Gene Austin, doing business as Blue Heaven" which was brought to foreclose plaintiff's lien. Plaintiff published the statutory notice to lien claimants, whereupon Waale-Camplan & Tiberti, Inc. "coming in under" the published notice filed its "statement * * * of facts constituting its lien," joining as additional defendants J. H. and Eula B. Gates as owners, also the appellants herein as lessees, and the additional defendant Harry Siegel, joined with the original defendant Austin as sublessees.

The fictitious defendants were joined in addition. Howard, Messinger and Sweeten answered and the corporation replied. The defendants Gates also answered, to which answer the corporation likewise replied. The default of Austin and Siegel having been entered, the trial proceeded against the other defendants, resulting in the lien foreclosure judgment from which Howard, Messinger and Sweeten have appealed.

Two errors are assigned, by reason of which it is contended that the judgment must be reversed with instructions to enter judgment in favor of appellants. It is contended, first, that the complaint is fatally defective by reason of plaintiff's failure to allege that it was a duly licensed contractor in accordance with the provisions of sec. 1474.31 et seq., N.C.L. 1931–1941 Supp. Secondly, appellant contends that plaintiff's action was barred because not commenced within six months from the filing of its lien pursuant to sec. 3742, N.C.L.

The parties stipulated to waive oral argument and to submit the appeal upon the briefs, and it was so ordered. Appellants' opening brief states: "Inasmuch as this appeal is based upon the judgment roll alone, the facts necessary for its determination are fully set forth therein * * * Any detailed statement of facts would be merely repetitive of facts already contained in the judgment roll." The papers constituting the judgment roll are described in sec. 8829, N.C.L. As the defaults of defendants Austin and Siegel were entered, the judgment roll properly included the affidavit for publication and summons and the order directing publication. The judgment roll also included (as respondent's complaint) its statement of facts constituting its lien, to which are annexed, as exhibits, its contract with Austin and Siegel, and also its claim of lien as filed with the county recorder; the original answer of Howard, Messinger and Sweeten, to which was attached as an exhibit the lease to them from Gates; also their amended answer, filed as of course, setting up as a separate and further defense the allegation that the action was not commenced within

six months after the recording of the notice of lien; also the reply to such answer; also the general demurrer to the complaint and the order overruling same; also the answer of the defendants Gates and the reply thereto; also the findings of fact, conclusions of law and judgment or decree. No attack on the judgment roll has been made.

■ The present appeal requires no consideration of the pleadings affecting the defendants Gates. The briefs indicate that a motion for a new trial was made and denied, but the papers relative to the motion for new trial are properly not included in the judgment roll. Markwell v. Gray, 50 Nev. 427, 265 P. 705; McGill v. Lewis, 61 Nev. 28, 111 P.2d 537, 116 P.2d 581, 118 P.2d 702. No bill of exceptions has been filed.

We have described the nature of the record before us for the reason that both appellants and respondent, each chiding the other for the practice, have constantly referred to and argued matters outside of the record, including the evidence taken before the court, the proceedings had on the motion for new trial, proceedings had with reference to a motion for judgment on the pleadings and the presence or absence of proceedings in the trial court with reference to whether the defense of the plaintiff's failure to allege that it was a licensed contractor was ever presented to that court.

Appellants elected to appeal from the judgment roll and not upon a bill of exceptions. In like manner respondent, claiming that the lower court was in error in failing to allow it reasonable attorney fees under mandatory provisions of our lien statute, asks this court to make an allowance of attorney fees for the prosecution of the action in the district court, although it has filed no cross appeal nor any bill of exceptions to give this court an opportunity to pass upon the matter. Respondent also asks for an allowance for attorney fees in this court.

Appellants' first contention is that respondent's complaint failed to state facts sufficient to constitute a cause

of action, because it did not allege its compliance with the following statutes:

"§ 1474.31. License Necessary, When. § 1. It shall be unlawful for any person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, to engage in the business or act in the capacity of a contractor within this state without having a license therefor as herein provided, unless such person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof is exempted as provided in this act."

"§ 1474.32A. Duly Licensed Contractor Only May Sue. § 3. No person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, engaged in the business or acting in the capacity of a contractor shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any act or contract for which a license is required by this act without alleging and proving that such person, firm, copartnership, corporation, association, or other organization, or any combination of any thereof, was a duly licensed contractor at all times during the performance of such act or contract."

■ Respondent contends that this point is now raised for the first time on appeal. Appellants contend that it was presented to the district court. Respondent asserts that without objection the testimony was received to the effect that it was, at all times involved, a licensed contractor. Appellants deny this. Both parties have gone out of the record in support of their respective statements. The record before.us gives no indication that the point was ever presented to the district court. We recently considered a very similar situation in Leeper v. Herz, 64 Nev. 497, 184 P.2d 1006. We refer to that opinion and re-affirm what we there said, in full explanation of why we refuse to consider the point thus presented, for the first time, in appellants' opening brief on appeal.

Appellants' second assignment of error is that the trial court erred in not holding that respondent's cause of action was barred by reason of the fact that its action to foreclose the same was not commenced within six months after the filing of the lien, pursuant to the provisions of N.C.L. sec. 3742, which reads in part as follows: "§ 3742. Limitation Of Lien As To Time. § 8. No lien provided for in this chapter binds any building, mining claim, improvement, or structure for a longer period than six months after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same; * * *."

Consideration must also be given to sec. 3749, N.C.L. reading in part as follows: "§ 3749. Action On Lien.— Trial Of.—Sale Of Premises.—Justice Courts. § 15. Said liens may be enforced by an action in any court of competent jurisdiction, on setting out in the complaint the particulars of the demand, with a description of the premises to be charged with the lien; and at the time of filing the complaint and issuing the summons the plaintiff shall cause a notice to be published * * * notifying all persons holding or claiming liens under the provisions of this act on said premises, to be and appear before said court * * *."

Respondent filed its lien for record in the office of the county recorder of Clark County, Nevada, September 22, 1947. Under N.C.L., sec. 3742, supra, such lien did not bind the premises beyond March 22, 1948, unless, not later than that date, proceedings were commenced in a proper court to enforce the same. The "proceedings" there referred to mean, without doubt, the commencement of an action by the filing of a complaint to foreclose the lien, as provided in sec. 3749. What happened was this. On March 17, 1948, pursuant to the notice to lien claimants, published by the original plaintiff in the action, respondent filed its statement of lienholder corresponding in all respects to a complaint to foreclose its lien, and which we refer to as respondent's complaint. See Mars v. McKay, 14 Cal. 127. On the

same date the complaint was served upon counsel for the original plaintiff, and on the same date respondent filed an affidavit for publication of summons, alleging the residence of Messinger and Sweeten as being in Salt Lake City, Utah, and the residence of Austin and Siegel as unknown but believed to be somewhere in Texas. On the following day, March 18, 1948, the court's order for service of summons on the said nonresident defendants by publication was made and filed. Defendant Howard was personally served in Clark County on March 19, 1948, and the defendants Gates were personally served within the county on April 19, 1948. Summons was published in a Las Vegas daily newspaper March 26, 1948, April 2, 9, 16 and 23, 1948. Summons and complaint were mailed to defendant Austin's last known address at Dallas, Texas, April 3, 1948. Howard, Messinger and Sweeten filed their answer March 29, 1948, and their amended answer April 2, 1948, in which they affirmatively set up as a separate and further defense the allegation that respondent's action was not commenced within six months after recording its lien. The defendants Gates filed a demurrer April 29, 1948, and after the overruling of such demurrer, answered on May 28, 1948, setting up the same further and separate defense. The original plaintiff Weller voluntarily dismissed. The default of Austin and Siegel was entered October 18, 1948.

Appellants rely upon sec. 8573, N.C.L., providing that "Civil actions in the district courts shall be commenced by the filing of a complaint with the clerk of the court, and the issuance of a summons thereon," and upon the contention that the issuance of summons is not accomplished until it is delivered to the sheriff or other person qualified to serve same, with the intent that said summons be served in due course; that such intent is negatived by respondent's affidavit for publication, showing defendants Austin and Siegel to be out of the State of Nevada; that the lien period clearly expired as to defendants Austin and Siegel, and that as they were in privity

with appellants and were necessary parties defendant to the action as the persons who had ordered the labor and the materials and signed the contract, the lien period had also expired as to appellants.

In these contentions they place their main reliance on the opinion of this court in Woodstock v. Whitaker, 62 Nev. 224, 146 P.2d 779, 780, in which case Mr. Chief Justice ORR said: "We conclude that the word 'issuance' as used in Section 8573, N.C.L., means not only the act of signing the summons and the placing of the seal thereon, but also delivery to the sheriff or other person qualified to serve same, with the intent that said summons be served in due course."

We decline to follow respondent's excursions out of the record in its attempt to prove that appellants as original lessees were not in privity with Austin and Siegel as sublessees. However, even if we concede appellants' several premises, namely, that they were in such privity, that Austin and Siegel were necessary parties defendant, that appellants properly pleaded the statute, and that the lien would expire as to appellants unless the action had been "commenced" (as that term is defined in Woodstock v. Whitaker) within the statutory period as against Austin and Siegel, we still are unable to say that anything in the record negatives such commencement.

■ The commencement of the action by the filing of the complaint and the issuance of summons, in connection with delivery thereof to the sheriff for service and the appearances, is not controverted except as to defendants Austin and Siegel. Appellants contend that, as the affidavit for publication of summons clearly shows the nonresidence of Austin and Siegel and that the delivery to the sheriff could therefore not have been with the intention that he serve those defendants, the only service possible was by publication, and that "the first publication of summons evidences the intent to serve said summons." No authority is cited to support such assertion, and we are of the opinion that it is without justification. It would be in all respects analogous to a contention

that, for personal service within the county, something more would be required than delivery of the papers to the sheriff with proper instructions, in order that the summons could be deemed "issued." The lien was subject to expiration March 22, 1948. Complaint was filed, with affidavit for publication, March 17, and order for publication was filed March 18. The first weekly publication of summons was March 26, but nothing in the record negatives the fact that the summons was handed to the newspaper March 18, 19, 20, or 22. March 21 fell on Sunday. As the alleged failure of the issuance of summons within the statutory period did not appear on the face of the complaint, it was necessarily raised as a special and affirmative defense in the (amended) answer. As such, the burden of its proof was upon appellants. Jones v. Stephens, 45 Ga.App. 28, 163 S.E. 245; Barnett v. Houston, 18 Tex.Civ.App. 134, 44 S.W. 689; 54 C.J.S., Limitations of Actions, sec. 381, page 518. See also Chapman v. Mooney, Tex.Civ.App., 257 S.W. 1106. In Woodstock v. Whitaker, supra, it is significant that the court said "* * * *the fact* that said summons was held by plaintiff until after the statute of limitations had run against the action and for an unreasonable time thereafter negatives the idea that such an intent existed as would be material here."

■■ While the plea of the statute of limitations is not an unconscionable defense, it is not such a meritorious defense that either the law or the fact should be strained in aid of it, nor should this court indulge in any presumptions in its favor. Bain v. Wallace, 167 Wash. 583, 10 P.2d 226. Though we note the distinction drawn by some of the authorities between a strict statute of limitations and one limiting the life or duration of a mechanics' lien, we consider the rule equally applicable. The analogy drawn by appellants to the Woodstock v. Whitaker rule requiring delivery of the summons to the sheriff with the intent that it be served in due course, is that it be delivered to the newspaper with the intent that it be published in due course. If the delivery to

the sheriff with such intent completed the "issuance" of the summons (despite the fact that it might not have been served until a week or a month later), so the delivery to the newspaper with such intent would complete the issuance (despite the fact that the publication did not commence until a week or a month later)—no statutory prohibition of such course appearing. As a proof of personal service by the sheriff on March 26 would not of itself justify us (in support of an affirmative plea of limitations) in indulging the presumption that it had not been delivered to him till that date, so proof of first publication of summons on March 26 will not of itself justify us in indulging the presumption that the summons had not been delivered to the newspaper for publication till that date. If instead of an asserted presumption there was something in the way of proof, it could be presented to us only by way of a bill of exceptions. And if there had been such proof the appellants would have been entitled to a finding. The record does not disclose that any finding on the subject was requested.

As early as 1873, this court in Skyrme v. Occidental Mill & Mining Co., 8 Nev. 219, emphasized the intention of the legislature, through the mechanics' lien statute, to protect material men, contractors and laborers, "to avoid unfriendly strictness and mere technicality," "to do substantial justice to all parties," and "to give the lien claimants the benefits they are entitled to under the law, by a fair and liberal construction of the statute." The intervening 77 years have found many expressions of legislative intent and judicial interpretation in this state, all to the purport that the beneficent effect of remedial legislation of this nature should not be lightly defeated by highly technical attack.

We have examined the numerous authorities cited by appellants. They are all in support of appellants' minor premises which, in view of the conclusions reached, we are willing to accept for the sake of argument. Hence these authorities do not require discussion.

On the record now before us we must hold that neither

of appellants' assignments of error has merit, and that the judgment must be affirmed with costs.

It is so ordered.

■ Respondent's request for allowance of attorney fees for services in the district court and for services on this appeal is denied.

HORSEY, C. J., and EATHER, J., concur.