STATE OF NEVADA COMMISSION FOR EQUAL RIGHTS OF CITIZENS, APPELLANT, *v.* CITY OF NORTH LAS VEGAS, RESPONDENT.

No. 8999

July 28, 1977                    566 P.2d 1139

*Pat J. Fitzgibbons* and *M. Douglas Whitney,* of Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* of Las Vegas, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

The Nevada equal rights commission commenced this action to compel the City of North Las Vegas to obey a commission order regarding an unlawful employment practice. The district court found the action to be barred by limitations and dismissed it. For reasons hereafter stated we reverse and remand for the limited court review contemplated by statute.[1]

Sarah Lee Johnson, a black woman, was not promoted to an available senior legal secretary position on January 15, 1973, although in first place on the existing eligibility list for that position. She timely filed a complaint with the Nevada equal rights commission alleging that she was denied promotion because she is black.

The hearing officer found that the City of North Las Vegas had engaged in an unlawful employment practice contrary to the mandate of NRS 613.330(1)(a) which bars discrimination on account of race. He recommended that complainant be promoted to senior legal secretary as of January 15, 1973, and be paid the difference between what she would have earned in that position and what she did earn in her lesser capacity.

The Commission upheld the recommendation of the hearing officer. The City received the Commission's decision and order

---

[1]NRS 613.410(3) then in effect confines court review to evidence introduced at a hearing before the commission for the purpose of determining whether the commission's findings were arbitrary, capricious, or without foundation. This statute since has been repealed. *See* 1977 Nev. Stats., ch. 595 at 1610.

Further proceedings should be in accordance with 1977 Nev. Stats., ch. 595 at 1605, which has been codified as an amendment to NRS 233.070.

on October 30, 1975, but refused to comply therewith. The Commission commenced this action on December 31, 1975.

Although the plea of limitations is not an unconscionable defense, neither is it such a meritorious defense that either the law or the fact should be strained in aid of it, nor should a court indulge in any presumption in its favor. Howard v. Waale-C. & Tiberti, 67 Nev. 304, 312, 217 P.2d 872, 876 (1950). We mention this simply because NRS 613.430 upon which the court dismissed this action, when read in conjunction with NRS 613.410 and 613.430, is confusing at best.[2]

The district court apparently believed that an application for an injunction by the commission was limited by the 60-day provision of NRS 613.430. This is a possible construction of the statutes involved, but one which we deem unreasonable and a strain in aid of limitations. The 60-day limitation therein

---

[2]NRS 613.410: "When any complaint is filed with the Nevada equal rights commission alleging any unfair employment practice within the scope of NRS 613.310 to 613.400, inclusive, or when the commission initiates its own investigation of any such practice, the commission may, but only after holding a public hearing:

"1. Make appropriate findings of fact;

"2. Serve a copy of such findings upon any person found to have engaged in any such practice within 20 days after any such finding of unfair practice is made; and

"3. If such person does not cease and desist from the unfair practice so found within 20 days after service is so made, apply to the appropriate district court for an injunction against such continued unfair practice.

"In hearing and deciding on the application for an injunction, the court may consider only evidence introduced at a hearing before the commission for the purpose of determining whether the commission's findings were arbitrary, capricious or without foundation."

NRS 613.420: "Any person injured by an unfair employment practice within the scope of NRS 613.310 to 613.400, inclusive, or the Nevada equal rights commission, may apply to the district court for an order granting or restoring to such person the rights to which he is entitled under such sections."

NRS 613.430: "No action authorized by NRS 613.420 may be brought after the expiration of 60 days from the date of the act complained of. When a complaint is filed with the Nevada equal rights commission pursuant to NRS 613.410, or with the labor commissioner pursuant to NRS 613.415, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of such complaint before the commission or the labor commissioner."

These sections have since been amended. See 1977 Nev. Stats., ch. 595 at 1609.

runs from the date "of the act complained of." In this case that date would be January 15, 1973, when the City failed to promote Sarah Lee Johnson to the position of senior legal secretary. To apply that limitation to an enforcement action by the commission following its administrative hearings could lead to absurd consequences. For example, if the complainant had filed with the commission on the sixtieth day after the act, the commission could investigate the matter, but could never bring an action against the recalcitrant employer to enforce its order because the 60-day limitation would necessarily pass before suit could be filed, notwithstanding the tolling provision of the statute. We are unwilling to attribute such an intention to the legislature.

In our opinion the limitation of NRS 613.430 should not be read to apply to judicial review and enforcement sought by the commission of its administrative determination under NRS 613.410. Indeed, NRS 613.410, empowering the commission to enforce its orders, does not itself contain a limitation period within which court action must be commenced.

The limitation period of NRS 613.430 should be confined to actions filed in the first instance in the district court pursuant to the authorization of NRS 613.420.

Accordingly, we reverse and remand for the limited judicial review contemplated by statute.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU–KIAN, JJ., concur.