[No. 14390.   Department One. — November 5, 1891.]

## J. E. FITZGERALD, ASSIGNEE, ETC., RESPONDENT, *v.* SARAH NEUSTADT, APPELLANT.

INSOLVENCY — ACTION BY ASSIGNEE OF INSOLVENT — CLAIM AND DELIVERY — PLEADING — ADMISSION. — In an action of claim and delivery by the assignee of an insolvent to recover goods claimed by the defendant by virtue of purchase from the insolvent made within thirty days next preceding his adjudication in insolvency, an undenied allegation of the complaint that at the time of the attempted sale, and for a long time prior thereto, the insolvent was and ever since has been indebted to various persons in large sums, and during all said times was and still is unable to pay his debts from his own means as said debts became due, and then was and still is an insolvent debtor, is sufficient to establish the insolvency of the vendor at the time of the alleged sale to the defendant.

ID. — PURCHASER'S KNOWLEDGE OF VENDOR'S INSOLVENCY — CONFLICTING EVIDENCE — FRAUDULENT TRANSFER. — Where there is evidence to sustain a finding that the purchaser had knowledge of the vendor's insolvency at the date of the sale, and the evidence is substantially conflicting, such finding will not be disturbed; and if there is sufficient evidence to show that the transfer was in violation of section 55 of the Insolvent Act of 1880, a recovery by the assignee in insolvency of the vendor will be sustained.

ID. — AUTHORITY OF ASSIGNEE TO SUE — EVIDENCE — CERTIFIED COPY OF ASSIGNMENT — POWER OF LEGISLATURE. — The legislature had power to make the rule of evidence prescribed by section 18 of the Insolvent Act, that a certified copy of the assignment made to an assignee shall be conclusive evidence of his authority to sue; and where he presents such copy in evidence in a suit prosecuted by him, his authority cannot be collaterally attacked.

ID. — SUFFICIENCY OF BOND — EVIDENCE — OBJECTION BY PURCHASER FROM INSOLVENT. — The creditors and debtor are alone interested in the sufficiency of the bond of the assignee, and the admission in evidence of a bond which was signed by the sureties only, and not by the assignee, in an action by the assignee against a purchaser from the insolvent, in

which the certified copy of the assignment was introduced in evidence, cannot be objected to by such purchaser.

PLEADINGS — AMENDMENT — MOTION FOR JUDGMENT — DISCRETION. — The action of the trial court in denying a motion for judgment upon the pleadings in a cause, and allowing the plaintiff to amend his complaint, will be sustained upon appeal, unless there is a gross abuse of discretion.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Justin Jacobs*, for Appellant.

The allegation in the complaint that Goodman was unable to pay his debts as they became due, and was insolvent within the true intent and meaning of the Insolvent Act of 1880, is a mere allegation of a conclusion of law, and does not tender an issue of fact which can be denied. (*Branham* v. *San José*, 24 Cal. 585; *People* v. *Jackson*, 24 Cal. 632; *Levinson* v. *Schwartz*, 22 Cal. 229; 83 Am. Dec. 61; *Curtis* v. *Richards*, 9 Cal. 33; *Wells* v. *McPike*, 21 Cal. 215.) A bond is an instrument in writing whereby the obligor declares himself bound. (1 Wait's Actions and Defenses, 670.) The instrument offered in this case as a bond is not a bond, because it is not executed by the obligor. (*City of Sacramento* v. *Dunlap*, 14 Cal. 421.) The form of this so-called bond is joint only, and not binding on any unless all sign. (*City of Sacramento* v. *Dunlap*, 14 Cal. 421.) The bond is absolutely void, unless signed by the principal. The liability of the sureties is conditional to that of the principal. They are bound if he is bound, and not otherwise. (*People* v. *Hartley*, 21 Cal. 585; 82 Am. Dec. 758; Insolvent Act, sec. 15.) The bond being void, the assignee never qualified, and not having qualified, he never became assignee, and therefore could not maintain this action. (Insolvent Act, sec. 17.)

*Rothchild & Ach*, and *Brown & Daggett*, for Respondent.

The appointment of an assignee, where he presents a certified copy of the assignment, which is the conclu-

ısive evidence of his right to sue, cannot be collaterally attacked. (*Dambmann* v. *White,* 48 Cal. 439; *Cone* v. *Purcell,* 11 Bank. Reg. 490; 56 N. Y. 649; Bump on Bankruptcy, 8th ed., 139; *Herndon* v. *Howard,* 9 Wall. 664; *Knox* v. *Exchange Bank,* 12 Wall. 379; *Rogers* v. *Stevenson,* 16 Minn. 68.) The debtor and creditors are alone interested in the bond of the assignee, and in a collateral attack in the case of a defective bond the assignment is absolutely valid. (*Luhrs* v. *Kelly,* 67 Cal. 289.)

Garoutte, J. — This is an action of claim and delivery brought by respondent as assignee in the matter of Joseph Goodman, in insolvency, against appellant, to recover a stock of merchandise of the value of three thousand dollars. Appellant claims title to the goods by virtue of purchase from Goodman, made within thirty days next preceding his adjudication in insolvency. This is an appeal from the judgment, and order denying her motion for a new trial.

1. The following allegation of the complaint, which was not denied, is sufficient to establish the insolvent's financial condition at the time of the alleged sale to appellant: "That at the time of the attempted sale of his said stock of goods, wares, merchandise, and fixtures above described, as hereinafter stated, and for a long time prior thereto, the said Joseph Goodman was, and ever since then he has been, indebted to various persons in large sums of money, and during all said times was and still is unable to pay his debts from his own means as said debts became due, and then was and still is an insolvent debtor," etc.

2. There is a substantial conflict in the testimony as to the appellant's knowledge of Goodman's insolvency at the date of the transfer to her, and the finding in that regard will not be disturbed. Neither do we think the court was not justified in concluding from all the evidence that such transfer was made in violation of the provisions of section 55 of the Insolvent Act of 1880.

3. There was no error in denying the motion for

judgment upon the pleadings and allowing the plaintiff to amend his complaint.   Such action of the lower court will always be sustained, unless there is a gross abuse of discretion.

4.  Appellant contends that it was error to admit the bond of the assignee in evidence as against her objections, such bond not being signed by the assignee, but by the sureties only.   Section 18 of the Insolvent Act of this state is as follows: " In suits prosecuted by an assignee, a certified copy of an assignment made to him shall be conclusive evidence of his authority to sue." In this case the assignment to the plaintiff from the county clerk was introduced in evidence, and under this provision of law it seems its validity cannot be questioned by a collateral attack.   There is no reason why the legislature had not the power to make such a rule of evidence, and such rule has been recognized and applied in many cases.   (*Cone* v. *Purcell,* 56 N. Y. 649; *Herndon* v. *Howard,* 9 Wall. 664; *Rogers* v. *Stevenson,* 16 Minn. 68; *Dambmann* v. *White,* 48 Cal. 439; *Luhrs* v. *Kelly,* 67 Cal. 291.)   In the case of *Luhrs* v. *Kelly,* 67 Cal. 291, the court said: " The creditors and debtor were alone interested in the amount and sufficiency of the bond."

We see no error in the record.   Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.