[No. 1729.]

## S. H. HARRIS, APPELLANT, *v.* HELENA GOLD MINING COMPANY RESPONDENT.

1. MINES AND MINERALS—CLAIMS—ACTIONS TO DETERMINE—COMMENCEMENT. Stats. 1861, c. 12, sec. 20, providing that an action shall be deemed commenced when the complaint has been filed and summons issued and placed in the hands of one authorized to serve the same, is not controlling on the question of the time of commencement of an action founded on an adverse claim, authorized by Rev. Stats. U. S. 2326 (U. S. Comp. Stats. 1901, p. 1430), providing that an adverse action must be commenced within thirty days after the filing of the adverse claim, because the limitation within which such an action must be commenced is fixed by the federal statute, but the question as to what constitutes the commencement of an action is determined by section 22 of the civil practice act (Comp. Laws, 3117), providing that a civil action shall be commenced by the filing of the complaint and the issuance of a summons, etc.

2. SAME—SUMMONS—WAIVER. Where, in an action under Rev. Stats. U. S. 2326 (U. S. Comp. Stats. 1901, p. 1430), providing that an adverse action must be commenced within thirty days after the filing of the adverse claim, the complaint was filed within the thirty days, the filing by defendant of a general demurrer after the thirty days was a waiver of the issuance of summons under said section 22, providing that, after the filing of the complaint, a defendant may appear, whether the summons has been issued, etc., and had the effect of the issuance of summons on the day the complaint was filed, conferring on the court jurisdiction of the subject-matter and the parties.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *M. A. Murphy*, Judge.

Action by S. H. Harris against The Helena Gold Mining Company. From a judgment sustaining a special demurrer to the complaint, plaintiff appeals **Reversed and remanded.**

The facts sufficiently appear in the opinion.

*Samuel Platt,* for Appellant:

I. "Civil action in the district courts shall be commenced by the filing of a complaint with the clerk of the court and

the issuance of a summons thereon; *provided*, that after the filing of the complaint, a defendant in the action may appear, answer, or demur, whether the summons has been issued or not, and such appearance, answer, or demurrer shall be deemed a waiver of summons." (Comp. Laws, 3117.)    It is obvious, therefore, that the legislature intended that a civil action should be deemed commenced upon the filing of the complaint and the issuance of a summons.  An examination of the record in the case at bar discloses the fact that the complaint was filed and summons issued within the thirty days required by Rev. Stats. U. S.    The action was, therefore, commenced within the time prescribed by law.  It would seem from the record itself, and from the Nevada statute heretofore fully cited, that a further elucidation of appellant's contention would be both tedious and unnecessary.    The Nevada statute and the record of the case should reverse the lower court instanter.    "Under the practice of this state actions are commenced by the filing of a complaint with the clerk of the court and the issuance of a summons thereon." (*Sweeney* v. *Schultes*, 19 Nev. 57.)

II.    In the case at bar, the respondent did not make any objection, specially, by plea or otherwise, until after it had appeared generally by demurrer; and, even if it had, the records showing that the action was fully, formally, and legally commenced by the filing of the complaint and issuance of the summons within the time prescribed by law, no motion to dismiss or plea in abatement could have, or should have, been granted.    A plea to the jurisdiction is allowable at any stage of the proceedings, but in the case at bar there was no jurisdictional question involved.    "And such appearance, answer, or demurrer shall be deemed a waiver of summons." (Comp. Laws, 3117.)

III.    In the court below, the respondent relied upon the provisions of the statute of limitations referring to the commencement of actions.    This court has held repeatedly that foreign corporations may not take advantage by plea of the statute of limitations.    The provisions of the statute, therefore, are as inapplicable here, in so far as respondent may be concerned, as if no such law were now upon the statute

books. (*Barstow* v. *Union Con. M. Co.*, 10 Nev. 386; *State* v. *C. P. R. R. Co.*, 10 Nev. 47; *Robinson* v. *Imperial S. M. Co.*, 5 Nev. 44.)

IV. "If two statutes on the same subject are mutually repugnant, the later act without any repealing clause operates, in the absence of express intent to the contrary, as a repeal of the earlier one, on the obvious principle that the enactment of provisions inconsistent with those previously existing manifest a clear intent to abolish the old law." (26 Am. & Eng. Ency. Law, 2d ed., 723, 725, and authorities therein cited; *Thorpe* v. *Schooling*, 7 Nev. 15.) The practice in this state has invariably been to follow the rule prescribed in Comp. Laws, 3117, which expressly defines and sets forth the necessary steps in the commencement of an action. To depart from this rule at this late day would not only inflict hardship upon litigants now in court, but it would be an absolute contravention of the statute and of every opinion of this honorable court heretofore rendered in construing it.

*Robert L. Hubbard*, for Respondent:

I. Respondent respectfully submits that the accepted rule throughout the entire United States is that the mere writing, signing, and sealing of a summons by the clerk of a court does not constitute its issuance; that a writ is issued only when it comes to the hands of an officer or other person capable of serving the same. Many of the cases discuss the reasons with great clearness, and all find the basis for their reasoning in the following illustration: Suppose that a claimant could file his complaint and have the clerk write out, sign, and seal a summons and deliver it to him; that he might carry that summons indefinitely without service. The result is obvious. Hence, the rule that the plaintiff must place the suit beyond his own control by placing the writ in the hands of an officer for service. A careful examination of the statutes and decisions of the several states makes it most apparent that the tendency has always been toward a stricter requirement along these lines. In almost every jurisdiction the courts have invariably gone beyond the language of the statutes in construing their meaning. That is to say,

when the statute has required that a summons be "issued," the courts have said that "issued" meant "placed in the hands of the officer for service." And it is a noteworthy fact that many courts have gone still further and said that actual service, and nothing short of it, was a requisite to the commencement of a suit, and this, too, when there was no statute making such requirement. We therefore believe that our contention that, if Comp. Laws, 3117, were the only law upon the point in this state, a fair construction of it requires that the writ be placed in the hands of the officer for service in order to constitute the commencement of an action. But it must not be understood that respondent by the presentation of the foregoing contention at all concedes, in the slightest degree, that Comp. Laws, 3117, is at all applicable to the case at bar, for the provisions of Comp. Laws, 3724, and the provisions of the act embracing that section are, as we believe, too clear to admit of doubt that it was enacted expressly for just such cases as the one presented in this litigation.

II. Counsel for appellant argues in his brief "that the defendant and respondent is a foreign corporation and cannot be heard to plead the statute of limitations," and cites three Nevada authorities in support of his position. It will doubtless be a sufficient answer to that contention to say that in each of the cases cited by counsel for appellant those in charge of the litigation took the precaution to present the objection to the district court before urging it before the supreme court. The record will demonstrate the truth of the facts in the case under consideration, and it will be searched in vain for anything to show that appellant asked the district court to consider that question. Had counsel for appellant called that matter to the attention of that court, then respondent would have had an opportunity to meet it, and the matter might have been presented to this honorable court for review. But since it was not presented to that court, it is difficult to see how it may be presented to this court, under the rule of this honorable body as laid down in *Moresi* v. *Smith*, 15 Nev. 220; *Sias* v. *Hallock*, 14 Nev. 332; *Maher* v. *Swift*, 14 Nev. 324; *Vietti* v. *Nesbitt*, 24 Nev. 390; *McInnis* v. *McGurn*, 24 Nev. 370; *Schwartz* v. *Stock*, 26 Nev. 128; *Thomas* v. *Blaisdell*,

25 Nev. 223—all in perfect harmony with the rule in all jurisdictions.

*Robert L. Hubbard*, for Respondent, upon motion to dismiss appeal:

I.    Where an appeal is taken from a judgment and several orders, a complete undertaking on appeal must be executed for each appeal taken.    Where an appeal is taken from a judgment and one or more orders, and only one undertaking in the sum of three hundred dollars is executed and filed, such an undertaking is not only insufficient, but is wholly void.    The undertaking on appeal must not only be sufficient in amount to equal an aggregate undertaking in such sum as the number of appeals multiplied by the sum of three hundred dollars, but must allude and refer specifically to the several appeals and make the undertaking as severable as the appeals, so that any one of the appeals may be sustained or reversed, and any or all of the other appeals be independently decided, and the liability of the sureties be definitely fixed on each appeal.    The notice of appeal must particularly specify the order and judgment appealed from, and where a notice specifies on appeal from an order, ruling, or judgment not made by the district court, because not presented to it, such an appeal is ineffectual for any purpose.    (*Robinson* v. *Kind*, 56 Pac. 863; *Home and Loan Association* v. *Wilkins*, 12 Pac. 799; *Corcoran* v. *Desmond*, 11 Pac. 815; *Ditch Company* v. *Batchtold*, 41 Pac. 813; *Kelly* v. *Leachman*, 51 Pac. 407; *Heydenfeldt's Estate*, 51 Pac. 543; *McCormick* v. *Belvin*, 31 Pac. 16.)    "A notice of appeal from a judgment and from all orders made in the cause is only an appeal from a judgment.    It does not sufficiently describe any order."    Even when an appeal is taken from a judgment, orders necessarily affecting it must also be appealed from in form.    (*Gates* v. *Walker*, 35 Cal. 289.)

II.    Counsel for respondent respectfully submits that an insufficient and an invalid undertaking are two different things.    We concede that an insufficient undertaking might be supplied by a proper one.    But we contend that an invalid one cannot be so supplied.    Believing that these

positions admit of no controversy it becomes of first impor-
tance to learn whether the undertaking filed by the appellant
is invalid or only insufficient, and we deem it only necessary
to call the court's attention to the fact that the undertaking
in this case recites three distinct appeals, to wit: (1) From
a judgment and order rendered against the plaintiff and in
favor of defendant in said action on the 3d day of April,
1907, and from the whole thereof.  (2) From an order and
judgment sustaining defendant's demurrer as to the want of
jurisdiction of said court of the parties to said action.  (3)
From the order and judgment dismissing said action, made
and entered in the minutes of said court the 3d day of April,
1907—and then obligated the sureties as follows:  "Now,
therefore, in consideration of the premises of such appeal,
we, the undersigned,  *  *  *  do hereby jointly and sev-
erally undertake and promise, on the part of the appellant,
that he, the said appellant, will pay all damages and costs
which may be awarded against him on the appeal, or a dis-
missal thereof, not exceeding three hundred dollars," etc.
In view of the oft-repeated decisions of this court and the
court of California, to say nothing of the unanimity through-
out the Union upon this single question, it is impossible to
understand how a careful practitioner could bring about the
necessity of presenting this question to an appellate court.

By the Court, SWEENEY, J.:

This is an action founded upon an adverse claim filed by
the appellant in the United States Land Office at Carson
City, Nevada, against respondent's application for a United
States mineral patent.   The record discloses that the adverse
was filed on the 26th day of September, 1906, and that a
complaint was filed in the First Judicial District Court of
the State of Nevada, in and for the County of Esmeralda, on
the 26th day of October, 1906.   Upon the same day a sum-
mons in due form was made out by the clerk of said court.
Upon the 12th of November, 1906, the said summons was
placed in the hands of the sheriff of Ormsby County, Nevada,
and was on said date served on the resident agent of defend-
ant at Carson City.  On November 28, 1906, the defendant

appeared in said action and filed a general demurrer to the sufficiency of said complaint; and, before hearing on said demurrer, on January 9, 1907, the defendant filed its answer. On March 19, 1907, Vermilyea, Edmonds & Stanley, defendant's attorneys, withdrew from the case, and thereafter Robert L. Hubbard, Esq., was substituted therefor. On March 26, 1907, defendant, through its attorney, Robert L. Hubbard, Esq., filed another general demurrer to the sufficiency of the complaint, and on the same date filed a separate special demurrer, which reads as follows:

"Comes now the defendant and demurs to the jurisdiction of the court, and, for ground of demurrer, states: First—The court has no jurisdiction of the subject-matter of this action, because (a) it appears from the face of the files in this action that plaintiff's suit was not commenced in this court within thirty days after the filing of plaintiff's adverse claim which forms the basis of this action in the land office at Carson City, Nevada."

It appears, also, that the answer filed by the defendant on January 9th contains the following allegation: "Further answering, said complaint alleges that plaintiff's adverse claim in this proceeding was filed in the land office at Carson City, Nevada, on the 26th day of September, 1906, and that this action, nor any other action, was commenced in this or any other court within thirty days thereafter to determine the right of possession to said mining claims, and that the said adverse claim of defendant is under and by virtue of the provision of section 2326 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1430) barred and waived."

Upon the hearing of the special demurrer to the jurisdiction of the court, the court held that the action was not instituted within the thirty days required by section 2326 of the Revised Statutes of the United States, which provides that an adverse action must be commenced in a court of competent jurisdiction within thirty days after the filing of the adverse claim in the United States Land Office, and that, therefore, the court had no jurisdiction of the action, and the same was accordingly dismissed. From the order and

judgment of the court sustaining the special demurrer, this appeal is taken.

Upon the hearing of this appeal in this court, respondent interposed a motion to dismiss the appeal upon grounds, which we believe have been thoroughly disposed of in the case of *Edgecombe* v. *His Creditors*, 19 Nev. 149, 7 Pac. 533, and for this reason the same will be denied.

The only question presented upon this appeal is as to when an action is deemed· commenced under the statutes of this state. Section 22 of the civil practice act of this state, relating to the manner of commencing civil actions, reads: "Civil action in the district courts shall be commenced by the filing of a complaint with the clerk of the court, and the issuance of a summons thereon; *provided*, that after the filing of the complaint a defendant in the action may appear, answer, or demur, whether the summons has been issued or not, and such appearance, answer, or demurrer shall be deemed a waiver of summons." (Comp. Laws, 3117.)

It was held by the lower court, and ably and strenuously urged by counsel for respondent, that an action is not commenced under the laws of Nevada until the complaint is filed with the clerk of the court and summons issued thereon·and placed in the hands of the sheriff of the county or other person authorized to serve the same. Respondent also relies on section 20 of an act entitled "An act defining the time of commencing civil actions" (Stats. 1861, p. 26, c. 12), which reads as follows: "An action shall be deemed to be commenced, within the meaning of this act, when the complaint has been filed in the proper court, and summons issued and placed in the hands of the sheriff of the county, or other person authorized to serve the same." This latter section, we think, is not controlling in the determination of the point presented for determination, for the reason that the limitation within which this action may be commenced is fixed by the laws of Congress, and not by the statutes of this state, and that, therefore, the act of 1861, from which the section last quoted is taken, is inapplicable. The question as to what constitutes the commencement of an action must be determined by a construction of the provisions of section 22 of

the civil practice act of this state, above quoted, enacted in 1869.

It must be borne in mind that the complaint in this case was filed within the thirty days, as required by the provision of the Revised Statutes of the United States above referred to, and that thereafter the defendant appeared in said action and filed a general demurrer to the complaint, without making any reservations whatever relative to the jurisdiction of the court. This state of facts, we think, brings the present case squarely within the ruling of this court in the case of *Rose* v. *Richmond M. Co.*, 17 Nev. 25, 27 Pac. 1105. In the latter case it appeared that upon the 1st day of September, 1873, the Richmond Mining Company applied to the United States Land Office at Eureka, Nevada, for a patent to certain mining ground. On the 29th day of the same month the appellant filed his adverse in the said office, and on the 21st day of October following filed a complaint in the District Court of the Sixth Judicial District in and for the County of Eureka, Nevada, to determine his rights under said adverse. It does not appear from the record whether or not any summons was ever issued in the case. Upon the 1st day of November following the Richmond Mining Company appeared in the action and filed a general demurrer. Thereafter, on the 26th day of the same month, they filed an answer to the plaintiff's complaint.

From an examination of the record and briefs on file in the Rose-Richmond case, it appears that the same question was presented in that case as is now presented in this, and, in order that a better understanding may be had of that portion of the decision which we hereafter quote, we will first make a brief extract from respondent's and appellant's briefs in that case. In respondent's brief we find the following: "That the action was not commenced in time must be conceded. The only question is one of waiver. Did the respondent by demurring waive the failure of appellants to commence the action within thirty days after filing protest? If so, by virtue of what law or what rule? It is true that the defendants may waive summons by voluntarily appearing, but, if summons is thus waived, is the action to be deemed

commenced at the time the complaint is filed, or at the time the defendant appears?" From appellant's brief in reply in that case we quote the following: "But the record shows that defendant appeared and answered, which, by express terms of the statute (section 22), was a waiver of the issuance of the summons. This waiver was general and for all purposes, and not only waived the issuing, but also the time of issuing the summons." It thus appears that the effect of the filing of the general demurrer in so far as it constituted a waiver, both as to the issuance and as to the time of issuance of the summons, was clearly presented.

There was also presented in the Rose-Richmond case another question affecting the time when an action is deemed commenced in law in this state which is not involved in this suit, but which makes the position taken in this case, we think, all the stronger. Commenting upon the law applicable to the facts in the Rose-Richmond case above referred to, this court, by Hawley, J., said: "The claim of respondent that this action was not commenced in time is not well taken. The complaint was filed within thirty days after the filing of the protest as required by the statute. It is true that the plaintiffs did not pay the docket fee (2 Comp. Laws [of 1873], 2766, 2767), but it was advanced and paid by the clerk in his next regular monthly settlement with the county treasurer. The findings are silent as to whether any summons was issued or not. They show, however, that the defendant regularly appeared and filed a demurrer and answer to plaintiff's complaint, and did not at any time move to dismiss the action or file a plea in abatement. From these facts, it is apparent that it cannot now be claimed that the action was not commenced in time. The defendant by demurring and answering waived the issuance of summons. (1 Comp. Laws [of 1873], 1085; *Iowa M. Co.* v. *Bonanza M. Co.*, 16 Nev. 64.) Respondent cannot take advantage of the fact that the clerk, instead of the plaintiffs, paid the docket fee. The clerk had the right to refuse to put the case upon the docket unless the docket fee was paid by the plaintiffs. By entering it upon the docket he became personally responsible, and assumed the payment of the fee,

and, having paid it, as he did, the rights of plaintiffs were preserved. The case stands precisely the same as if the summons had been issued, and the docket fee paid by plaintiffs, on the day the complaint was filed."

By reference to section 22 of the civil practice act above quoted, it will be observed that where defendant appears, either by demurrer or answer, summons is waived, not only in cases where summons has not issued, but also in cases where summons has issued. In the case of *Rose* v. *Richmond*, *supra*, the defendant did not appear and demur until two days after the thirty-day limit had expired for the commencement of actions upon adverse claims. In that case the record did not disclose whether summons had or had not issued. If no summons had issued, then the time had run against the action when the demurrer was filed, unless, as was held in that case, the filing of the demurrer amounted to a waiver of the summons, and, in effect, was the same as though summons had issued upon the date the complaint was filed.

Section 22 of the civil practice act, making the filing of a demurrer a waiver of summons, regardless of whether a summons was issued or not, relates back, under the authority quoted, to the time of the filing of the complaint, and therefore in the present case, the same as in the Rose-Richmond case, this action stands as though summons was issued on the 26th day of October, 1906, the date the complaint was filed, and therefore within the thirty days prescribed by the federal statute. It will be seen from the opinion in the Rose-Richmond case that, notwithstanding the statutory prerequisite of the payment of a docket fee before an action is deemed commenced in this state and the fact that the fee in said case was not paid, this court held in that case that, by the appearance of respondent after the thirty-day limitation in which an action must be commenced after the filing of an adverse under the Revised Statutes of the United States, he waived any right of objection upon this point and the fee was deemed to have been paid on the date of the filing of the complaint.

It is very proper, also, here to note that, although the record in this case shows that the summons was placed in

the hands of the sheriff of Ormsby County on the 12th day of November, 1906, there is nothing in the record, in the nature of a finding or otherwise, showing whether it may not have been on the day it was made out placed in the hands of some other person authorized under the statutes of this state to serve the same. Our statute provides that a summons may be served by any citizen of the United States over 21 years of age as well as by a sheriff or his deputy. (Comp. Laws, 3123.) In practice it is well known that a summons may be in two or more hands for service before service is actually effected.

The filing of the general demurrer in this case operating as a waiver of the issuance of summons, which had the effect of an issuance of summons on the day the complaint was filed, the court had jurisdiction both of the subject-matter and the parties, and therefore its judgment and order dismissing the cause for want of jurisdiction was erroneous.

For the reasons given, the judgment and order are reversed, and the cause remanded for further proceedings.