[Civ. No. 64. Fourth Appellate District.—May 28, 1930.]

JOHN P. KARLIK, Respondent, v. E. ROSAMOND PETERS, Appellant.

Charles B. DeLong for Appellant.

A. T. Roark for Respondent.

AMES, J., *pro tem.*—This action was commenced by filing a complaint against appellant E. Rosamond Peters as the sole defendant. The complaint alleges in substance that on a certain date appellant entered into a contract with H. L. McFarland and Claude Swope, copartners doing business under the firm name of McFarland & Swope, as general contractors for the erection and construction for her of a bungalow court on certain real property belonging to her in the city of San Diego, and that said McFarland & Swope were authorized by defendant E. Rosamond Peters to act as her agents and as such to enter into arrangements with contractors and subcontractors for the construction of certain units or portions of said bungalow court. That thereafter, pursuant to such authority, respondent entered into a contract with McFarland & Swope, by the terms of which he agreed to furnish materials and labor and install in said bungalow court certain plumbing and gas-heating fixtures

for a money consideration therein named. There is no allegation in the complaint that the original contract was in writing, or that the same or any plans and specifications for the doing of said work were filed for record with the county recorder as prescribed by section 1183 of the Code of Civil Procedure. The due performance of the contract on the part of respondent is then alleged, together with the fact that after a certain credit had been given, a balance remained due and unpaid. This is followed by an allegation of the filing, on the second day of December, 1926, of a claim of lien, as prescribed by the provisions of chapter II, title IV, part III, of the Code of Civil Procedure (sections 1183–1203), which time of filing was more than ninety days prior to the filing of the complaint in said action. The complaint does not set out the contents of the claim of lien, nor the legal effect thereof, nor does the respondent seek to foreclose his purported lien, the prayer of the complaint being for a money judgment only against the respondent.

By the answer of the appellant, which was filed in due time, she admits the furnishing of certain labor and materials used in the doing of said work, but denies the allegations of agency under said contract, and all indebtedness accruing by virtue thereof.

Thereafter and pursuant to notice theretofore served on counsel for respondent, appellant moved for judgment on the pleadings, and upon the hearing of the motion the court, upon the oral application of respondent, and over the objection of the appellant, permitted respondent to file a second amended complaint, in which McFarland & Swope, the general contractors employed by respondent, were joined as parties defendant. The second amended complaint, so filed, contained two counts, the allegations of the first one of which followed substantially the allegations contained in the original complaint, omitting, however, the allegations with respect to agency, and there was added thereto a copy of the respondent's claim of lien.

The second cause of action adopts, by reference, all allegations in the first cause of action, and then pleads a promise made by defendant E. Rosamond Peters, alleging that she agreed that she would personally assume and pay the claim of respondent, in consideration of respondent's promise to

forbear from suing on his claim of lien, and on his further promise to furnish, at appellant's convenience and upon notice from her, certain new materials and replace certain fixtures which had been installed in the structures involved, but no demand or notice for installing such fixtures is alleged. No decree of foreclosure is sought, the prayer of the second amended complaint being for a money judgment only. Appellant demurred to the amended complaint, generally and upon the ground "That two causes of action not arising out of the same transaction and not affecting all the parties to the action have been pleaded in one complaint," and also moved to strike from the files the second cause of action in the second amended complaint upon the ground that "said second cause of action states a new and different cause of action than that pleaded in the plaintiff's original complaint." The court overruled appellant's demurrer and denied his motion to strike. Defendant Peters in due time filed her answer to the so-called second amended complaint, by which she put in issue certain material allegations in both causes of action in the second amended complaint. In its findings the court found that all of the material allegations in both causes of action in said second amended complaint were true and ordered judgment against all of said defendants for the balance found to be due upon said contract, and judgment was entered accordingly. The court further found that respondent had agreed to furnish and supply certain new fixtures for appellant to replace certain defective fixtures theretofore installed, whenever so requested by appellant. No request or demand for such installation is found to have been made, but the court in its judgment ordered that respondent supply defendant Peters with such fixtures in exchange for those which were claimed by respondent to have been defective.

From this judgment defendant E. Rosamond Peters has appealed upon the judgment-roll alone.

The appellant contends that the court erred in overruling her objection to filing the second amended complaint, and overruling her demurrer thereto, and denying her motion to strike the second cause of action therefrom. ▮ Obviously, the original complaint, in failing to plead the contents of the claim of lien, failed to state a cause of action against appellant, and the cause of action therein alleged, if any was

stated, was against McFarland & Swope, who were not parties thereto. ■ The second cause of action in the second amended complaint constitutes a cause of action arising after the claim of lien of respondent had been filed and was based upon her separate and independent promise, to which defendants McFarland & Swope were not parties, and does not pretend to state a cause of action against them. The second cause of action in the second amended complaint was based upon. an obligation, entirely separate and distinct from that upon which the original complaint was founded, and we are convinced without the citation of authorities that the court erred in permitting respondent to file his second amended complaint and denying her motion to strike. Assuming that the original complaint stated a cause of action, such cause of action was against McFarland & Swope upon their contract with respondent. It did not purport to foreclose the lien as to appellant's property, and not even a remote compliance with our lien law is disclosed by its allegations. The second cause of action in the second amended complaint states a cause of action against appellant, not arising, however, out of any statutory liability created by law, but upon her separate, distinct and independent promise to pay an obligation which had ripened into a lien against her property, supported by respondent's agreement of forbearance to enforce his lien by process of law.

This is an entirely new, distinct and independent cause of action against appellant and not against her co-defendants; it does not arise out of the same transaction as that out of which the first cause of action arose, but was a cause of action which could not with propriety have been joined with the first cause of action, and we are convinced that, in permitting the second amended complaint to be filed and denying appellant's motion to strike the same from the files, the court erred. But were these errors so prejudicial to the rights of appellant that a reversal of the judgment is necessary? In the case of *Grossetti* v. *Sweasey*, 176 Cal. 793 [169 Pac. 687, 688], the Supreme Court. says: "The matter of pleading becomes unimportant when a case is fairly tried, as this one apparently was, upon the merits and under circumstances which indicate that nothing in the pleadings misled appellant to his injury."

In *Connell* v. *Higgins,* 170· Cal. 541 [150 Pac. 769, 773], the Supreme Court holds that in overruling a demurrer for misjoinder of causes of action the lower court erred, but says: "We do not think the defendant was seriously prejudiced thereby, and if this were the only error, we should not feel warranted in reversing the judgment for this cause."

In *Bollinger* v. *Bollinger,* 154 Cal. 695 [99 Pac. 196, 201], it is said: "The judgment should not be reversed for errors that do not affect the substantial rights of the parties."

In *Angell* v. *Hopkins,* 79 Cal. 181 [21 Pac. 729, 730], it is said: "Error in overruling a demurrer for misjoinder of causes of action is immaterial if it does not affect the substantial rights of the parties."

In *Asevado* v. *Orr,* 100 Cal. 293 [34 Pac. 777, 779], the Supreme Court says: "In the present case, however, the cause of action alleged against Orr is different from the cause of action alleged against the appellants and where the substantial rights of the parties have not been affected by a misjoinder of causes of action and judgment that is rendered after a trial of the case upon its merits should not be reversed because the court overruled a demurrer for such misjoinder." (*Hirshfeld* v. *Weill,* 121 Cal. 13 [53 Pac. 402]; *Trask* v. *Garza,* 51 Cal. App. 739 [197 Pac. 807].)·

Since the evidence introduced at the trial is not before us, we are bound to assume that the evidence was sufficient to support the findings, and that the trial was fairly conducted.    That the second cause of action of the second amended complaint states a cause of action against appellant is not questioned by her. The findings of the court adopt the allegations of the second amended complaint, and find the same to be true. They also disclose a meritorious cause of action in favor of the respondent and against the appellant, and since the errors complained of affect only matters of pleading and procedure in the court below, we are unable to see how respondent has been prejudiced in any of her substantial rights.

·. It is, however, but fair to say that the judge who ruled on the motions which we have criticised was not the judge before whom the case was tried. ·

The special demurrer was defective in form in not complying with the provisions of section 431 of the Code of Civil Procedure, in failing to state the grounds upon which it is made. Section 430 of said code enumerates the grounds upon which a demurrer to a complaint must be based. The special demurrer does not state any of them, and the court would have .been justified in disregarding the same for this reason, but the disposition of the case on other grounds renders this objection unimportant. ·

Appellant next contends that the court erred in granting respondent leave to file his amended complaint with no notice of his motion having been previously given. From the minutes of the court, which are incorporated in the reporter's transcript, it appears that respondent was then in court in response to appellant's notice of motion for a judgment on the pleadings, and at that time made an oral application for and was granted leave to file his amended complaint. We fail to see any error in this order. If it appears that, through error or inadvertence the respondent failed to state a cause of action in his original complaint it was not only the right, but the duty of the court, to permit him to file an amendment to his original pleading, even though no notice had been originally given. (*Fitzgerald* v. *Neustadt*, 91 Cal. 600 [27 Pac. 936, 937]; *Kelley* v. *Kriess*, 68 Cal. 210 [9 Pac. 129].)

It is next contended by appellant that, at the time the motion for judgment on the pleadings, which were framed by the original complaint and the appellant's answer thereto, was argued ·and submitted, the only question before the court was whether or not the defendant could be personally charged with responsibility to the plaintiff for the value of labor and services rendered by respondent, when the same had been ordered by her general contractors. He argues that because it then appeared upon the face of the pleadings that no cause of action existed against appellant, the court erred in denying his motion. But in all applications for amendments to pleadings, the court should be extremely liberal, and if it appears that the plaintiff has a good cause of action, which by reason of accident or mistake he has failed to set out in his complaint, the court, on motion for judgment on the pleadings should, on his application so to do, permit him to amend. As it was said

in *Fitzgerald* v. *Neustadt, supra:* "There was no error in denying the motion for judgment on the pleadings and allowing the plaintiff to amend his complaint. Such action of the lower court will always be sustained, unless there was a gross abuse of discretion." (*Felch* v. *Beaudry,* 40 Cal. 439.) There was no error in denying appellant's motion for judgment on the pleadings.

In incorporating in the judgment an order to the respondent, directing him to supply the appellant with certain fixtures in exchange for others, claimed by her to be defective, the court went beyond the issues framed by the pleadings. The conditions precedent to the furnishing of said fixtures, as the agreement is set out in the second amended complaint, viz., the convenience of the appellant and notice to the respondent are not alleged in any of the pleadings, nor found by the court to have been complied with. Nor did the court, from its findings deduct any conclusions of law upon which this portion of the judgment was or could be based. The second cause of action in the second amended complaint, upon which the respondent's recovery is based, did not invoke any equitable remedy, and was merely an action at law, based upon the promise of appellant, in which the court had no jurisdiction to render a judgment, other than for the recovery of money.

It is therefore ordered that the judgment be modified by striking therefrom the following sentence: "It is further ordered and adjudged that plaintiff shall supply the defendant, E. Rosamond Peters, with one new lavatory and one new bathtub in exchange for one lavatory and one bathtub already installed in the property of the said E. Rosamond Peters, and claimed by her to be defective, at such future time as the defendant, E. Rosamond Peters, may demand the same." And as so modified the judgment is affirmed.

Cary, P. J., and Marks, J., concurred.