## CREASY v. UNITED STATES.

District Court, W. D. Virginia, at Roanoke. Aug. 24, 1937.

Carleton Penn, of Roanoke, Va., for plaintiff.

F. S. Tavenner, Jr., Asst. U. S. Atty., of Woodstock, Va., for the defendant.

PAUL, District Judge.

This suit is an echo of the case of Creasy v. United States, an action on a war risk insurance policy, in which this court sustained a plea of the statute of limitations. The views of the court in the former case were embodied in an opinion filed with the record and which is reported in 4 F.Supp. 175.

The plaintiff has now filed a bill in equity reciting the former proceedings and praying that the judgment entered January 31, 1933, sustaining the plea of limitations be vacated and that the plaintiff be granted a trial upon the merits of his case. The bill recites that the former case was determined upon a stipulation of facts which was in one particular erroneous and that the error came to the knowledge of the plaintiff only after the former decision. The error alleged is this: That, whereas it was previously stipulated that the plaintiff's claim for insurance benefits had been received in the Veterans' Bureau on July 3, 1931, as shown by the stamp placed on it there, the plaintiff has since discovered the return registry receipt which shows that the claim was received at the Bureau on July 2, 1931, and signed for on that day. As a result of this, assuming it to be proven, the period during which the claim was pending in the Bureau was one day longer than heretofore supposed, with the result that the plaintiff had one day longer than heretofore assumed within which to bring suit after denial of his claim.

There is no need to recite all of the facts pertaining to this claim. They are set out in the former opinion. It there appears that the plaintiff received notice of denial of his claim on May 10, 1932, and this court held that he was under the necessity of bringing his suit on that same day in order to escape the bar of the statute. The only effect of this after-discovered evidence is to extend one day, until May 11, 1932, the time within which suit had to be brought. This, so plaintiff contends, saves him from the bar of the statute, inasmuch as he filed a copy of his petition in the clerk's office on May 11th. He relies upon the case of Willingham, Adm'r, v. United States, decided in the Western District of South Carolina on January 30, 1934,[1] as holding that such filing constitutes an institution of the suit for the purpose of the statute of limitations. I do not find the opinion in this case reported, but I have been furnished a copy of it.

It seems needless to discuss the technical questions pertaining to the right of the plaintiff to maintain this suit, such as former adjudication, laches, etc., for conceding the facts now alleged as to the filing

---

[1] No opinion for publication.

of the claim to be true, they cannot alter the conclusions set forth in the previous opinion.

It will be remembered, as recited in the previous opinion, that on May 11, 1932, the plaintiff filed a copy of his petition in the clerk's office and on the same day visited the office of the United States attorney. with the intention of delivering to him a copy of the petition and having service accepted. Due to the absence of the United States attorney this was not done, and on May 13th, the plaintiff delivered to the United States marshal a copy of the petition for service on the district attorney. In my previous opinion, I was probably unfortunate in not stating with clarity and in detail my conclusions as to the time when an action of this nature is deemed to be begun or the act which constitutes the institution of the suit for the purpose of limitation. Those views may, therefore, be stated in more detail here.

■ It is obvious that when a complaint is filed in court the purpose of the issuance of process with its subsequent service upon the defendant is to inform the defendant that a complaint has been made against him in order that he may appear and defend. In every case brought in court notice to the defendant must be given by some method and at some stage. The mere filing of a complaint, declaration, petition, or whatever may be, in a clerk's office with no issuance of process thereon and no steps taken, or provided for to apprise the defendant that he has been sued, is not sufficient to bring a defendant into court.

Under the common-law procedure, suits are begun by the issuance by the clerk, at the direction of the plaintiff, of a writ, customarily termed a "summons," addressed to the defendant and directing him to appear. This writ is delivered to the sheriff or other officer to be by him served upon the defendant, and the officer makes a return thereon showing such service. The question of when a suit is deemed to be commenced for the purpose of stopping the running of the statute of limitations has frequently arisen in the courts, and undoubtedly the weight of authority is that, unless otherwise provided by statute, the suit is deemed to be commenced, so far as the parties to it are concerned, from the time that the summons, or other process, is issued and delivered to the officer, with a bona fide intent that it shall be served. Ross v. Luther, 4 Cow. (N.Y.)

158, 15 Am.Dec. 341; Johnson v. Farwell, 7 Greenl. (Me.) 370, 22 Am.Dec. 203. Anderson v. Aetna Life Ins. Co., 75 N.H. 375, 74 A. 1051, 28 L.R.A.(N.S.) 730; and see 37 Corpus Juris, 1055. In some states this general rule has been embodied in a statutory provision. This is the case in Virginia. Va.Code, § 6061. See Burks Pleading & Practice (2d Ed.) p. 391.

■ Under the general rule, the mere filing of the declaration in the clerk's office is not a commencement of the suit for the purpose of the statute of limitations. Nor is the mere filing out of the process by the clerk sufficient. It must be delivered, or put on the way of delivery, to the officer for the purpose of service. Ross v. Luther, supra; Webster v. Sharpe, 116 N.C. 466, 21 S.E. 912; International Paper Co. v. Com., 232 Mass. 7, 121 N.E. 510; U. S. v. American Lumber Co. (C.C.A.) 85 F. 827.

The procedure in war risk insurance cases is a special one prescribed by statute (U.S.C., title 28, §§ 762, 763 [28 U.S.C. A. §§ 762, 763]), which provides that a copy of plaintiff's petition be filed in the clerk's office and that a copy be served upon the district attorney and a copy mailed to the attorney general, with affidavit of such service and such mailing to be filed with the clerk. The statute does not provide for the issuance of process from the clerk's office upon the petition filed there or for any other steps to be taken by the clerk. In practice, no such process is issued by the clerk, certainly not in Virginia. If a plaintiff contented himself with merely filing his petition with the clerk, the petition could remain there indefinitely without the defendant knowing of its existence. Something further must be done to notify the defendant that it is being sued and this is accomplished by serving a copy of the petition on the district attorney. It is clear that it is this service which takes the place of and performs the same function as service of a summons issued from the clerk's office under the common law procedure.

■ If, as I have pointed out, the mere filing of the complaint in the clerk's office is not the commencement of a suit even where it is contemplated that process shall issue thereon, there is even stronger reason to hold that such filing is not the commencement of the suit where there is no provision for the issuance of process

and no process is or is expected to be issued. It seems clear, therefore, that the filing of a copy of plaintiff's petition in the clerk's office on May 11th was not the commencement of the suit for the purpose of the statute of limitations (World War Veterans' Act 1924, § 19, as amended, 38 U.S.C.A. § 445).

The plaintiff knew that further action on his part was necessary, namely, to have the petition served on the district attorney; and he undertook to accomplish this. The statute provides (U.S.C., title 28, § 763 [28 U.S.C.A. § 763]) that the plaintiff "shall cause a copy of his petition * * * to be served upon the district attorney," which naturally infers service through the only channel provided therefor, the United States marshal. The effort of plaintiff's counsel on May 11th to find the district attorney and have the latter accept service would no doubt have been effective had it resulted in acceptance of service on that day. But it did not and is, therefore, of no pertinency or significance in the case. Thereafter, on May 13th the plaintiff delivered to the United States marshal a copy of the petition with directions to serve it upon the district attorney. This was in accordance with the prescribed procedure. Compared to the procedure under common-law practice, the copy of the petition took the place of the summons issued from the clerk's office, and the delivery of the petition to the marshal for service corresponded to the delivery of the summons to the sheriff for a like purpose. Based upon the reasoning underlying the general principles which I have hereinbefore stated and set out in the cases cited, it appears that the action was commenced on May 13th when the copy of the petition was delivered to the marshal for service upon the United States Attorney, and on that date the action had become barred by the statute of limitations. I so hold. This view is in accord with holdings in Henry v. United States (D. C.) 15 F.Supp. 651; Miller v. U. S. (D.C.) 11 F.Supp. 924; Walton v. United States (C.C.A.) 73 F.(2d) 15; and other cases.

I have read with care the opinion in the case of Willingham v. United States upon which plaintiff relies. The situation there was noticeably different from that before me. In that case the plaintiff, on the last day for bringing suit, filed his petition in the clerk's office paying all filing fees and at the same time deposited with the clerk a copy of the petition for service on the district attorney with a check payable to the marshal to cover the fees for service. The papers were delivered the next morning by the clerk to the marshal for service. This procedure was in accord with a uniform practice in that district, prescribed by rule of court, under which counsel initiating suits were required to file and leave with the clerk all necessary papers, including copies to be served by the marshal, together with the marshal's fees for service; and the clerk was required to deliver to the marshal such papers as were to be served by him. The court says: "The plaintiffs and their counsel in this case did what was required of them by the rules and practice of the court, and *did all that they were permitted to do. * * ** While there was no actual delivery of the summons and complaint into the personal custody of the marshal on March 14th, 1932, I hold that the delivery to the clerk, under the circumstances, was a constructive delivery to the marshal." (Italics supplied.)

In other words, it appears that the plaintiff in following the provisions of the statute (U.S.C., title 28, § 763 [28 U.S.C. A. § 763]), in causing a copy of the petition to be served on the district attorney, pursued the course prescribed by the rules of court and the only method he was permitted to pursue, namely, to place the petition in the clerk's office with directions that it be delivered to the marshal for service. There is nothing in this holding, I think, contrary to the rule which I have heretofore stated. On the contrary, it seems to conform to the accepted view that an action is deemed to be commenced when the summons or other paper of which service is required is delivered to, or put in course of delivery to, the proper officer with the intention that he make service. In the instant case that did not occur when the petition was filed with the clerk on May 11th, but only on May 13th when a copy of the petition was delivered to the marshal to be served. At that time the action was barred. The plaintiff's bill will have to be dismissed.