GEORGE WOODSTOCK, Administrator of Estate of Addie M. Williams, Deceased, Appellant, v. W. W. WHITAKER, Respondent.

No. 3391

March 10, 1944.                146 P. (2d) 779.

*Carl F. Dodge, Jr.*, of Fallon, and *Springmeyer & Thompson*, of Reno, for Appellant.

*H. R. Cooke, Sidney W. Robinson*, and *Roy W. Stoddard*, all of Reno, for Respondent.

## OPINION

By the Court, ORR, C. J.:

This appeal requires a determination of what constitutes the issuance of summons as that term is used

in section 8573 N. C. L. 1929. It is asserted that the signing and sealing of a summons by the clerk of the court and the placing of the same in the hands of the attorney for the plaintiff constitutes an issuance of the summons. On the other hand it is argued that something more must be done, namely, that the summons be placed in the hands of some person qualified to serve process, or that it pass out of the hands of the party signing and sealing it, with the intent that it be placed in the hands of some one qualified to serve it in due course.

The following facts appear:

One Warren W. Williams died testate in Churchill County, Nevada, on or about January 27, 1914, leaving surviving him his wife, Addie M. Williams. Said Addie M. Williams died in Churchill County, Nevada, on or about March 3, 1940. At the time of the death of said Warren W. Williams and at all times to and including the date of her death Addie M. Williams was an insane person. All of the property owned by said Warren W. Williams at the time of his death was community property belonging to him and his said wife, and upon his death an undivided one-half interest in and to said property immediately vested in said Addie M. Williams, and remained in her at the time of her death. Pursuant to certain proceedings had in the district court of Churchill County the said Addie M. Williams was adjudged and declared an incompetent person and incapable of managing and handling her property and affairs. Two of her daughters were appointed guardians, one of whom died on or about January 9, 1934, and the other remained the duly appointed and acting guardian of Addie M. Williams until the death of the said Addie M. Williams on March 3, 1940. On or about April 29, 1941, George Woodstock was appointed administrator of the estate of Addie M. Williams, and on February 27, 1942, said George Woodstock, on behalf of the estate of said Addie M. Williams, deceased, filed a complaint with the clerk of the First judicial district court of the State of Nevada, in and for

the county of Churchill. On February 27, 1942, the clerk of said court signed and sealed a summons and delivered it to appellant. Said summons remained in the possession of said appellant and was never delivered to the sheriff or other person to serve until on or about May 21, 1942.

The parties are agreed that the time for the commencement of the action in the district court is governed by the provisions of section 8523 of the Nevada Compiled Laws 1929. The said action, in order to toll the statute of limitations, must have been commenced prior to March 1, 1942.

On or about June 1, 1942, respondent W. W. Whitaker filed his separate answer to the complaint, and on July 10, 1942, appellant filed his reply to said separate answer. On June 24, 1942, respondent Whitaker filed a motion for an order dismissing said complaint and action, and after hearing had and on September 15, 1942, the court granted said motion and ordered that the case be dismissed as to the respondent W. W. Whitaker.

The respondent contends that the said action was barred by the provisions of section 8523 N. C. L., on March 3, 1942, because prior to said date the appellant had failed to perform all of the acts necessary for the commencement of an action, in that the summons had not been put out for service.

■ We conclude that the word "issuance" as used in section 8573 N. C. L., means not only the act of signing the summons and the placing of the seal thereon, but also delivery to the sheriff or other person qualified to serve same, with the intent that said summons be served in due course. "Issuance is defined as the act of sending out, to put into circulation. Webster, Unabridged. The following authorities support the conclusion we have reached: 37 C. J. 1055, par. 481; Snell v. Knowles, Tex. Civ. App., 87 S. W. 2d 871; Ferguson v. Estes & Alexander, Tex. Civ. App., 214 S. W. 465; Creasy v. United States, D. C., 20 F. Supp. 280; Wilkins v. Worthen, 62 Ark. 401, 36

S. W. 21; State v. Cook, 84 Mont. 478, 276 P. 958; Smith v. Cashie & Chowan R. & L. Co., 142 N. C. 26, 54 S. E. 788, 5 L. R. A., N. S., 439; Burton v. Deleplain, 25 Mo. App. 376; West v. Engel, 101 Ala. 509, 14 So. 333; McIntosh v. Standard Oil Co., 121 Neb. 92, 236 N. W. 152; Southern R. Co. v. Dickens, 163 Ala. 114, 50 So. 109; Peck v. German Fire Insurance Co., 102 Mich. 52, 60 N. W. 453; Dedenbach v. Detroit, 146 Mich. 710, 110 N. W. 60; Marshall v. Matson, 171 Ind. 238, 86 N. E. 339; McMaster v. Ruby, 80 Or. 476, 157 P. 782; Sims v. Miller, 151 Ark. 377, 236 S. W. 828.

■ The cases cited supra may be divided into two classes; those requiring the summons to be placed in the hands of one qualified to serve it in order to complete "issuance," and those wherein the delivery is made to a party with the intent that the summons be by him delivered to one authorized to serve it. In either event the summons was not issued in time in this case. While the reply filed by appellant denies that the summons was not placed in the hands of the plaintiff with the intent that it be by him delivered to a person qualified to serve it, yet the fact that said summons was held by plaintiff until after the statute of limitations had run against the action and for an unreasonable time thereafter negatives the idea that such an intent existed as would be material here.

■■ In 1911 the statute of Nevada was amended so as to require the delivery of the summons to the sheriff or other authorized person for the proper commencement of a civil action. By the act approved March 24, 1915, the specific requirement of placing the summons in the hands of the sheriff or other person authorized to serve it was eliminated. Appellant considers this elimination a clear indication that the legislature intended, by striking the requirement of placing the summons out for service, that the issuance of a summons would be complete when signed and sealed by the clerk of the court or by the attorney for plaintiff, as is provided for by law.

It is our opinion that the requirement for the placing of the summons in the hands of the sheriff or some other person authorized to serve the same, for service, as contained in the 1911 act was merely declaratory of the common law. This is evidenced by the numerous cases from sister states cited, supra. Decisions from sister states may be looked to in ascertaining the common law. 15 C. J. S., Common Law, p. 634, sec. 21; Lux v. Haggin, 69 Cal. 255, 10 P. 674, at page 747; Ingram v. Fred, Tex. Civ. App., 210 S. W. 298; Van Dyke v. Superior Court, 24 Ariz. 508, 211 P. 576.

The repeal of that portion of the statute of 1911 by the act approved March 24, 1915, which said portion was, as we have said, merely declaratory of the common law, did not repeal the common-law rule, but left it more clearly in force. 12 C. J. p. 188, sec. 16; 15 C. J. S., Common Laws, sec. 12; Reeves & Co. v. Russell, 28 N. D. 265, 148 N. W. 654, L. R. A. 1915D, 1149; In re Sloan's Estate, 7 Cal. App. 2d 319, 46 P. 2d 1007; Harper v. Middle States Loan, etc., 55 W. Va. 149, 46 S. E. 817, 2 Ann. Cas. 42; 1 Lewis' Southerland Statutory Construction, 2d ed., p. 573, sec. 294, at note 9, and cases cited.

It seems that from 1861 to 1915 the Nevada law expressly required the delivery of the summons to a sheriff or some other person authorized to serve it, in order to stop the running of the statute of limitations; from 1861 to 1911 the law as it now exists in section 8573 N. C. L. 1929, which defines "commencement of an action," was a part of the statutes in substantially the same form; and from 1911 until 1915 the requirements for the commencement of an action were incorporated in one act. However, the fact that two statutes relative to the commencement of an action were in force and effect prior to 1911 does not indicate a different construction should be given section 8573; on the contrary, the similar statute, referred to supra, in force from 1861 to 1911, admits of the same construction we have given said section 8573.

■ Appellant complains that the court failed to grant him leave to amend his reply to the separate answer of the respondent. We fail to find in the record any request on the part of the appellant to the trial court to permit him to amend, and not having requested the court for permission to amend, the appellant will be deemed to have elected to stand on his reply as originally filed. Fishburne v. Merchants' Bank, etc., 42 Wash. 473, 85 P. 38, 7 Ann. Cas. 848; Kelley v. Kriess, 68 Cal. 210, 9 P. 129; Karlik v. Peters, 106 Cal. App. 126, 288 P. 863; I Bancroft Code Pleading, p. 919, sec. 630, note 17.

■ Appellant next argues that assuming that under section 8573 N. C. L., it is necessary that a summons be delivered to a qualified person for service before an action is "commenced," then this requirement was waived by respondent when he appeared generally in the action in the district court by filing an answer to the complaint filed therein. This contention is based upon that provision of section 8573 N. C. L., which reads: "* * * provided, that after the filing of the complaint a defendant in the action may appear by answer, demurrer, or notice of motion filed in the cause, excepting motions to quash service, or denying the sufficiency of process or the jurisdiction of the court over the subject-matter or the person, whether the summons has been issued or not, and such appearance shall be deemed a waiver of summons."

Two Nevada cases dealing with this question have been cited: Rose v. Richmond M. Co., 17 Nev. 25, 27 P. 1105, and Harris v. Helena M. Co., 29 Nev. 506, 92 P. 1. We do not think those cases are controlling here. In the instant case the facts relative to the summons being withheld from delivery and service did not "appear upon the face" of the complaint, therefore the defense that the action was not commenced within the time provided therefor by sections 8523 and 8573 could not be raised by demurrer. Nevada-Douglas Consolidated Copper Co. v. Berryhill, 58 Nev. 261, 75 P. 2d 992.

Under the circumstances the respondent pursued the course required by law, namely, that the defense of the statute of limitations must be raised by answer. 37 C. J. p. 1215, par. 718; 34 Am. Jur. p. 337, par. 428. To hold that by answering respondent pegged the time of the commencement of the action as of the time the complaint was filed would be to deprive respondent of such a defense. Such a construction cannot reasonably be said to have been intended by the legislature. In the Rose v. Richmond M. Co. case and the Harris v. Helena M. Co. case, supra, this court pointed out that the defendant had first appeared without raising a jurisdictional question; in the Rose v. Richmond M. Co. case [17 Nev. 25, 27 P. 1107] there was no "move to dismiss the action or file a plea in abatement"; and in the Harris v. Helena M. Co. case [29 Nev. 506, 92 P. 2] it is said: "the defendant appeared in said action and filed a general demurrer * * * without making any reservations whatever relative to the jurisdiction of the court." In the instant case the respondent raised the question of the statute of limitations at the first opportunity and, as has been said, in the only manner in which he was permitted to do so under the law. This difference, to our minds, clearly distinguishes the cases of Rose v. Richmond M. Co. and Harris v. Helena M. Co. from the case at bar.

■ Appellant, in his reply brief, argues that respondent in the filing of his answer pleading the statute of limitations and setting up other defenses, is "invoking the jurdisdiction of the court to decide the case in his favor on the basis of those defenses, and at the same time" saying "to the court that no action has been commenced and there is no action pending before the court." Such is not the case. This action was commenced May 21, 1942, because that was the date the summons was placed in the hands of the sheriff for service; commenced belatedly, insofar as tolling the statute of limitations is concerned, but prior to the time of filing of the answer on June 1, 1942.

The fact that respondent, in the district court, joined in his answer other defenses with that of the statute of limitations is said by appellant to strengthen the contention that respondent waived summons and thus made an appearance as of the date of filing the complaint. We cannot ascribe such an effect to the joining of the several defenses; only one answer is contemplated by the code, and all the defenses a party elects to make must be embraced within it. We know of no other method by which a defendant could get the benefit of existing defenses. Louisville Home Telephone Co. v. Beeler's Adm'r, 125 Ky. 366, 101 S. W. 397, at page 399.

The order appealed from is affirmed.